NELSON, JAMES T., Associate Judge.
Appeal is brought by defendant, Mary Elizabeth Bell Bailey, from an order on motion for summary decree by James Stewart, as Executor of the Estate of Jay Stewart, Intervenor.
James Stewart and defendant were at one time husband and wife. The former became plaintiff in a divorce action against defendant, who then counterclaimed for divorce. In her counterclaim defendant sought award of the marital home. Plaintiff’s father, Jay Stewart, had contributed money to improve the home for which he claimed a lien. He intervened in the divorce action to protect this interest. At this point two agreements were entered. One was a three-party agreement between plaintiff and defendant on the one side and intervenor on the other. Plaintiff and defendant acknowledged intervenor’s claim and agreed that it be adjudicated a lien in the final decree and that upon sale of the property intervenor would receive one-fourth of the net proceeds. In return in-tervenor agreed not to institute any action to foreclose or otherwise enforce his lien.
The second agreement was a comprehensive property settlement between plaintiff and defendant. In it the marital home was given to defendant, intervenor’s lien was noted, and the three-party agreement was incorporated by reference. The final decree granting defendant a divorce adopted both agreements and specifically adjudicated a lien of $12,000.00 in favor of inter-venor on the defendant’s residence.
Subsequently the intervenor passed away and plaintiff became executor of his estate. Hereafter the term intervenor will refer to plaintiff, James Stewart, in his capacity as executor of the estate of Jay Stewart.
The proceedings leading to this appeal had their genesis in a petition filed in the original cause by intervenor in which he invoked the continuing jurisdiction of the divorce court, recited the provisions of the decree and asked that defendant and her present husband, George A. Bailey, be required to specifically perform the implied provisions of the three-party agreement for sale of the residence. In ruling upon de *444 fendant’s motion to dismiss the petition the trial court observed that it had jurisdiction to enforce the agreement. In this premise the court was undoubtedly correct.
Subsequently various pleadings were filed culminating in motions for summary decree by both intervenor and defendant. The trial court then entered the order appealed, by which it ordered the property appraised and offered for sale.
Initially we are perplexed by the procedures used in this case. This was not a new action seeking specific performance of a property settlement contract.[1] This was a post-decretal petition filed in the original cause to enforce what intervenor believes to be the requirements of the decree. Ordinary procedure would have dictated that a rule to show cause be issued to defendant or in the alternative that in-tervenor seek clarification of the original decree. Instead intervenor filed his petition and then moved for summary decree. In our opinion the summary judgment device has no relevancy to a post-decretal proceedings on a petition to enforce provisions of a divorce decree. This conclusion removes from our consideration the question of the presence or absence of issues of fact, a point which the parties argue extensively in their briefs as critical to our decision.
We pause here to note that the court did not style its order a summary decree, but rather it was captioned “ORDER ON MOTIONS FOR SUMMARY DECREE.” The record, however, reflects a mixed treatment of the proceedings.
We pass then to the more important question of whether or not the order can be sustained on the record. We find that it cannot. The agreement simply provided that upon a sale of the property the intervenor would receive one-fourth of the net proceeds. Nowhere did defendant agree to sell the property or agree to attempt to sell it.[2] Furthermore other provisions of the property settlement regarding the rights of plaintiff and defendant concerning the residence would indicate that no obligation to sell was contemplated, at least by plaintiff and defendant.[3]
In short, the decree places no duty on defendant to sell the home. Intervenor himself recognized this when in his petition he asked that the court enforce the “implied provisions” of the decree and agreement. The agreement is clear and unambiguous and its terms cannot be varied by parol evidence.[4] Remand, therefore, would serve no purpose.
Accordingly the order appealed is reversed.
Reversed.
McCAIN, J., concurs.
CROSS, J., dissents without opinion.

. Sucli an action could not be maintained if the agreements were merged in the decree adopting them, a point we need not decide. Solomon v. Gordon, 1941, 148 Fla. 572, 4 So.2d 710.

. Contrast the situation here with that in Le Cain v. Becker, Fla.1952, 58 So.2d 527. There the husband had agreed to endeavor to sell the home and to give the wife 50% of the proceeds. The court held the agreement enforceable and declared a constructive trust in favor of the wife. It is interesting to note that Le Cain was a separate action based on an agreement not incorporated in the final decree.

. The agreement obligated the husband to make mortgage payments on the home until the youngest child reached 21. A reduction in the amount payable would take place should the wife remarry. The provision giving the wife the right to sell discussed the procedure “if the present mortgage has an unpaid balance at the time of such sale.” All of these provisions obviously contemplate that the house might not be sold for a lengthy period of time.

. Friedman v. Virginia Metal Products Corp., Fla.1952, 56 So.2d 515, 33 A.L.R. 2d 956.