PER CURIAM.
The appellant-husband, defendant in the trial court, seeks review of an order requiring him to pay attorney’s fees to his former wife. From the record, it appears she instituted a suit for divorce against him, which culminated in July of 1966 in a final judgment of divorce wherein the trial judge made the following reservation:
* * * * * *
“ * * * Accordingly, the Court retains jurisdiction of this cause to make and enter such other further orders as relates to alimony, child support, counsel fees, costs of this proceeding and further for the purpose of considering any property settlement agreement as may be presented to this court for approval and ratification.”
ijs ‡ ‡ ‡ %
Thereafter, the parties were unable to reach a signed agreement in settlement of their affairs, and the matter came on for further extensive hearings before the trial court resulting in an order wherein he found that the parties had [by their actions] entered into an agreement in reference to property rights, alimony, support, etc., and that the same had been fully complied with by the appellant. He thereupon ordered the parties to comply therewith and adjudicated an attorney’s fee in favor of the former wife’s attorney. The appellant has appealed and assigned error in the awarding of the fee, contending it was a post-final decree award and not permitted because it was not in defense of the original decree, citing Gullette v. Ochoa, Fla.App.1958, 104 So.2d 799; Dillman v. Dillman, Fla.App.1958, 105 So.2d 33; Fleming v. Fleming, Fla.App.1965, 177 So.2d 384. The former wife has cross-assigned error, contending that the trial court erred in requiring her to comply with the terms of the agreement which he found to be in existence. We affirm.
The authorities relied on by the appellant relate to matters arising after the completion of the divorce proceeding. It is apparent from the original reservation that the trial court had not completed its labor in the initial final judgment entered divorcing the parties.[1] Therefore, he still *191 retained his original jurisdiction to award an attorney’s fee.
.We find no merit in the appellee’s cross-assignment of error. She accepted substantial sums from the appellant in accordance with their understanding, and she should not now be permitted to renege on her agreements. Warren v. Tampa Mortgage Investors Co., 112 Fla. 555, 150 So. 738; Haynes v. Haynes, Fla.1954, 71 So.2d 491; United Contractors, Inc. v. United Construction Corporation, Fla.App.1966, 187 So.2d 695; 10 Fla.Jur., Divorce, Separation and Annulment, § 188; 12 Fla.Jur., Estoppel and Waiver, § 72.
Therefore, for the reasons above stated, the order here under review be and the same is hereby affirmed.
Affirmed.

. Appellant also contended that the additional fee should not be allowed because he responded to a bill from his former wife’s first attorney by paying same, and this should have barred all further fees. The agreement provided that the appellant would respond to his former wife’s attorney’s fees, but did not fix the amount. The amount he had previously paid was before the trial court at the time of the entry of the order here under review and, undoubtedly, was taken into account in arriving at the total fee to be paid. It is noteworthy that the appellant does not contest the reasonableness of the fee.