JOHNSON, Chief Judge.
This is an appeal from a final decree of the Circuit Court, Third Judicial Circuit of Florida.
*144 In order to better grasp the complete picture in this case, it is necessary to briefly catalogue the pertinent facts as gleaned from the record before us, which may be stated as follows: On January 30, 1960, a final decree of divorce was rendered by the Circuit Court of Columbia County, Florida, granting, inter alia, a divorce to Ruby C. Thomas, appellant herein, from Frank N. Thomas. In addition to the divorce, the court awarded monthly payment of alimony to the wife and attorneys fees for her attorney. By the order, the court retained “jurisdiction of the parties hereto for the purpose of requiring compliance with the terms of this decree, and making any further orders that might be equitable and just.” No mention was made in said decree about a property division.
On April IS, 1960, pursuant to a petition for rehearing timely filed by the wife, the court entered its amended final decree wherein, inter alia, the court again granted a divorce to the wife, ordered the defendant husband to pay the costs and attorneys fees, and in addition thereto directed that the plaintiff wife, appellant here, “be placed into possession of the following described property in Lake City, Columbia County, Florida” and described the property which is the subject of this case; further providing that she was entitled to have and to hold said premises so long as she resided therein. The court again retained jurisdiction of the parties and subject matter.
Neither the final decree nor the amended final decree entered upon rehearing, touched upon the title to the property in question. The only reference was as stated supra, i. e. giving the wife possession.
On February 19, 1962, the court entered a further order based upon an application of the defendant husband for a reduction of alimony payments and a clarification of property rights of the parties, in which the court took from the wife the possession of the subject property, because she was not residing thereon, gave her possession of another house owned by the defendant husband, and added this statement “ * * * and the said Frank N. Thomas is hereby authorized to make such disposition of said property as he may elect and execute all conveyances necessary and incident thereto.”
Pursuant to this last quoted portion of the order of February 19, 1962, Mr. Thomas sold said property to the appellees Greene, who in turn mortgaged the same to the ap-pellee Bank.
In 1967, the appellant filed her suit for partition of the property in question, alleging that said property had been acquired by her and her husband, Frank N. Thomas, during coverture, as an estate by the entirety, and the deed of conveyance to them, as husband and wife was attached thereto, and is now a part of the record before us. The appellees contested the partition suit on the principal ground that the order of the circuit court dated February 19, 1962, effectively divested the appellant of her interest in said property and authorized the ex-husband to sell the same. Laches are also set up as a defense.
To us it appears from Florida Statute 689.15, F.S.A., that as to real estate, in cases of estates by the entirety, the tenants, upon divorce, become tenants in common. In the case sub judice, inasmuch as there was no specific prayer for nor adjudication made pertaining to the specific parcel of land in question, in the divorce proceedings, and there was no question about said parcel of land being by the entirety, as shown from the deed to the parties, the parties became tenants in common pursuant to the statute, supra. Awarding of possession to the wife as a part of any alimony or maintenance, had no effect upon the ownership of either tenant in common and when these decrees became final, and no appeal taken, the trial court had no further jurisdiction, under the guise of any further modification of the divorce decree, of the title to the property. The court could still shift the “possession”, as it did, but was without authority to divest the wife of her interest in said property *145 as a tenant in common. Being the owner in fee simple laches could not run against her. The only way she could be divested of her title was as is provided by statute for conveyances, or by adverse possession as authorized by statute, or through tax foreclosure.
The trial court being without jurisdiction of the property when it entered its order of February 19, 1962, that is, the appellant’s interest therein, the order authorizing the sale by Frank N. Thomas was valid only as to the interest of Frank N. Thomas, which was an undivided one-half interest. Therefore, the purported sale by Frank N. Thomas could only convey his one-half interest and consequently the mortgagors to the appellee Bank could only mortgage a one-half interest.
The chancellor should have granted the appellant’s motion for summary judgment, and/or the motion to amend the judgment entered on August 5, 1968.
Appellant’s complaint for a partition of the land in question does not constitute a collateral attack upon a judgment as contended by appellees. If the judgment or decree in question exceeded the jurisdiction of the court to make, it was a nullity and required no action by the affected party until the same was attempted to be enforced. If there was ambiguity of meaning of the intention of the trial court when entering the order, then any laches would run equally if any, against each of the parties, so that same can not be raised by either as a defense. The affidavits of plaintiff were sufficient to support the motion for summary judgment in favor of the appellant as to the ownership of her undivided one-half interest.
The order or judgment appealed from is therefore reversed and said cause remanded to the Circuit Court for entry of a decree for the appellant in accordance with the views hereinabove expressed.
CARROLL, DONALD K, and RAWLS, JJ., concur.