275 So.2d 43 (1973)
John Henry SAPP, Appellant,
v.
Vera Catherine SAPP, Appellee.
No. 72-420.
District Court of Appeal of Florida, Second District.
March 23, 1973.
*44 William F. Edwards, of Bradshaw & Edwards, Inverness, for appellant.
Gordon H. Savage, Jr., Leesburg, and W.B. Hunter, Tavares, for appellee.
WALKER, DAVID SETH, Associate Judge.
This matter arose as a timely appeal from a Final Judgment of Dissolution of Marriage rendered by the Honorable W. Troy Hall, Jr., Circuit Judge of the Fifth Judicial Circuit of Florida.
In his Final Judgment of Dissolution of Marriage dated March 1, 1972, the learned Chancellor granted, among other things, alimony and child support to the Appellee Vera Catherine Sapp. In addition to alimony and child support, the Appellant, John Henry Sapp, was also ordered to make certain other payments for and on behalf of the Appellee and the two minor children of the parties who were residing with the Appellee.
The pertinent parts of the Chancellor's Final Judgment are hereafter quoted:
"3. The Husband shall pay to the Wife the sum of $75.00 per week, which sum shall be apportioned on the basis of $20.00 per child per week and $35.00 per week as alimony for the Wife, beginning on the Friday next following execution of this Final Judgment, together with a like amount on each and every Friday thereafter until the said minor children reach the age of 21 years, married, or otherwise self-supporting, or until further Order of this Court. Said payments shall be paid through the Clerk of the Circuit Court of Lake County, Tavares, Florida, together with the sum of $1.00 as the Clerk's handling fee.
4. The Husband shall make all mortgage payments due on the home occupied by the Wife, and jointly owned by the parties, as well as the insurance, taxes thereon, and in addition thereto it shall be the responsibility of the Husband to pay all reasonable electrical bills, gas and fuel oil bills, water, sewage, garbage and telephone bills incurred in the maintenance of the home for the Wife and the minor children.
5. The Husband shall be obligated for and shall pay all reasonable and necessary medical, dental and other health charges incurred by or on behalf of the minor children of the parties."
These portions of the Chancellor's Final Judgment are the basis for this appeal.
The Appellant, in his brief, argued that the total amount of these anticipatory obligations far exceeded his ability to pay. Further in his oral argument before this Court, the Appellant repeatedly referred to the requirements of paragraphs 4 and 5 of the Final Judgment as being the product of a "phantom witness" whom he had neither heard, much less cross-examined. The Appellant argued that the only evidence before the Court regarding the anticipatory amount of payments as required in paragraphs 4 and 5 of the Chancellor's Final Judgment was the testimony of the Appellant himself, and that the Appellee could produce no evidence as to their amounts.
It is apparent that the learned Chancellor indeed considered some matters which were within his judicial knowledge but which were not preserved with artful totality within the record itself. The Chancellor found that the economic condition of the Appellant was not nearly so *45 meagre as the Appellant suggests and that the standard of living enjoyed by the parties was "good" prior to the beginning of their marital difficulties.
The discrepancy between the needs of the Appellee and the children and the alleged inability of the Appellant to provide for them in accordance with the standard of living enjoyed by the parties prior to their marital difficulties was within the sound judicial discretion of the Chancellor, and his determination concerning the specific award of alimony and child support as contained in paragraph 3 of the Final Judgment will not be disturbed. We find that, therein, the Appellant failed to show the clear abuse of discretion which is necessary to overturn the presumption of correctness which accompanies the Chancellor's Final Judgment, see Mufson v. Mufson, 245 So.2d 110 (Fla. App. 1971). Therefore, the specific award of alimony and child support rendered by the Chancellor below in his Final Judgment is hereby affirmed.
However, the requirements contained in Paragraphs 4 and 5 of the Chancellor's Final Judgment are of concern to us. We feel that these omnibus unlimited obligations exceed the bounds of any basis to be found within the record. The Chancellor by requiring the Appellant to pay all reasonable electric bills, gas and fuel oil bills, water, sewage, garbage and telephone bills, has made the Appellee, herself, the final arbiter of the Appellant's economic fate.
Further, the Chancellor's requirement that the Appellant pay "all" reasonable and necessary medical, dental, and other health charges incurred on behalf of the minor children obviates part of the basis and reason for the granting of specific child support payments. Indeed under the express terms of this Final Judgment, the Appellant could well find his days cluttered with requests for band-aids and aspirin.
We feel that the Court below erred in not requiring more specific testimony and evidence as to the actual amounts of the obligations contemplated by Paragraph 4 of his Final Judgment, and by not placing some definable limits upon those obligations, and also the obligations in Paragraph 5.
It is well settled that the Circuit Court retains jurisdiction to enforce the executory provisions contained in Final Judgments of Dissolution of Marriage. It is also well settled that the Circuit Court always retains the jurisdiction to enter appropriate Orders subsequent to the Final Judgment of Dissolution of Marriage concerning the welfare of dependent children. Therefore by more clearly defining the Appellant's liability, the Chancellor would in no way preclude a subsequent consideration of those amounts should the Appellee petition for the same and show appropriate grounds therefor.
We feel then that the obligations placed upon the Appellant in Paragraphs 4 and 5 of the Chancellor's Final Judgment require reasonable definition and limitation and those portions of his Final Judgment are hereby reversed and this cause is remanded to the Court below for further proceedings in accordance with this decision.
Affirmed in part, reversed in part, and remanded.
McNULTY, Acting C.J., and BOARDMAN, J., concur.