282 So.2d 670 (1973)
Theodore KAMENSKY, Jr., Appellant,
v.
Nancy KAMENSKY, Appellee.
No. 72-830.
District Court of Appeal of Florida, Second District.
September 12, 1973.
Stephen D. Hughes, Largo, for appellant.
Donald O. McFarland, Clearwater, for appellee.
BOARDMAN, Judge.
Appellant/husband, Theodore Kamensky, Jr., seeks timely review of a supplemental final judgment in an action for dissolution of marriage filed by him against appellee/wife, Nancy Kamensky, in which he attacks the award of certain monetary allowances and property rights granted the wife therein.
The facts involved are not really in dispute. The parties were married on April 21, 1950. Six children were born as a result of the marriage, one of the children having reached majority. The pleadings reflect that both of the parties alleged that the marriage was irretrievably broken.
*671 The original final judgment dissolved the marriage and required the husband to pay temporary child support to the wife and retained jurisdiction of the subject matter and the parties to dispose of the other issues not resolved in that judgment. Subsequently, without further hearing, the trial court entered the supplemental final judgment from which this appeal is taken. It provided in pertinent part:
(1) That the dissolution of marriage previously entered remain in full force and effect.
(2) That custody of the five minor children and child support in the amount of $30 per week, per child, be awarded to the wife.
(3) That a lump sum alimony in the amount of $41,219.37, payable over a specific period of weeks, including interest at 5% per annum on the amount unpaid from time to time, be awarded to the wife.
(4) That the wife be decreed the owner of 1/8 interest in THE KAMENSKY FAMILY TRUST.
(5) That the husband convey to the wife the marital home, together with the furniture, fixtures, and equipment situate therein, title to which was held by the parties as an estate by the entirety.
(6) That jurisdiction be retained to hear such matters as attorneys' fees and costs, and to enforce the provisions of the said judgment.
By separate order, attorneys' fees were awarded to the wife in the amount of $3500.
An overview of the evidence discloses that the trial court was generous in the amount of the monetary allowances awarded the wife, but that, of itself, does not make them excessive. The findings of the trial court concerning these awards being relative in nature and dependent upon the financial ability and needs of the parties should not be disturbed for there is no showing that the trial judge abused his discretion. That finding of the trial court, however, in which the husband was directed to convey his interest in the marital home does present a true question for our determination.
We have studied the pleadings filed herein on behalf of the appellee/wife and do not find, in either her answer or amendment to answer that she filed to the complaint of the appellant/husband, a prayer that title to the marital home and the personal property situate thereon be given to her. We do not believe that the prayer contained in her answer that she be granted "... such other relief as this Court shall deem proper in the circumstances" is sufficient to permit the court to direct the husband to convey his interest in the home to her or conforms to the due process requirement of the partition statute. Section 689.15, Florida Statutes, F.S.A. The parties did not enter into a stipulation in which they agreed to the disposition of the said property. By way of emphasis we restate that the supplemental final judgment did contain a provision wherein the wife would receive a lump sum alimony award. It is significant to point out that the court did not make a finding that the wife was awarded the marital home by virtue of her having proven a special equity in it.
We have very carefully considered the record, the briefs and oral argument of counsel.
At oral argument counsel for appellant referred the court's attention to the case of Goode v. Goode, Fla. 1954, 76 So.2d 794. The case was not cited in the brief of appellant. We advised counsel for appellee that he could submit, within one week, a response or a reply to that case if he so desired. He did not elect to do so.
In the light of the record, it is clear that the trial court did not award the marital home to the wife as lump sum alimony. It is equally clear he did not do so on the *672 theory of special equity. On authority of Owen v. Owen, Fla. 1973, 284 So.2d 384 and Rankin v. Rankin, Fla.App. 1972, 258 So.2d 489, written by Judge Liles, of this court, we reverse that provision in the supplemental final judgment directing that the husband convey to the wife his interest in the marital home. In all other respects, the said judgment is affirmed.
Accordingly, the case is remanded to the trial court for the sole purpose indicated herein, with instructions to entertain additional pleadings and hold an adversary hearing, if necessary, to enable the trial judge to predicate an award of the marital home consistent with the requirements of law and as appears reasonable and equitable in the circumstances.
Affirmed in part and reversed in part.
MANN, C.J., and LILES, J., concur.