McNULTY, Chief Judge.
We are called upon in this dissolution of marriage proceeding to review the trial court’s ruling on the partition of the marital home, alimony, reservation of jurisdiction and attorney’s fees.
After approximately seven years of marriage appellee-husband filed a petition for dissolution of marriage. The income of the parties consisted of the husband’s social security payments plus a pension from the Railroad Retirement Fund which included a spouse’s increment while appellee was married. The total assets of the parties were a lot owned by the entireties and a jointly owned mobile home situated thereon which comprised the marital residence.
In appellee’s petition he requested partition of the land and mobile home, but appellant in her answer requested that the court give her full title and possession to both. At the final hearing, the trial judge ordered that the mobile home and lot be sold and the proceeds divided equally between the two. No alimony was awarded, but appellee was ordered to pay appellant’s attorney’s fee of $300.
Of the four points raised in appellant’s brief we find it necessary to discuss only the first — that partition of the mobile home and lot was improper because the pleadings were insufficient. We agree. This court in Rankin v. Rankin[1] held under similar facts that partition was improper. There, as here, the complaint included only a simple prayer for partition; and we held that that alone was insufficient absent an agreement between the parties, or appropriate pleadings. Here, too, the record indicates that the pleadings did not conform to Ch. 64, F.S.1973, and that no agreement was made.
It appears that the court declined to award alimony because the wife would receive some funds from the partition sale. Since we have determined that partition could not be ordered, we hereby remand the case for reconsideration of the alimony issue in light of our recent decision in Lash v. Lash.[2] The other two points raised by appellant are without merit.
For the foregoing reasons this case is hereby reversed and remanded for further proceedings not inconsistent herewith.
HOBSON and GRIMES, JJ., concur.

. (Fla.App.2d, 1972), 258 So.2d 489.

. (Fla.App.2d, 1975), 307 So.2d 241.