BOARDMAN, Acting Chief Judge.
Appellant/wife seeks review of a final judgment in an action for dissolution of marriage. She attacks the failure of the court to award her the husband’s interest in the marital home, held as a tenancy by the entireties, as lump sum alimony, and the final judgment of the court ordering the sale of this former marital residence within six months, the proceeds from which to be divided equally.
The parties had been married for 28 years and have no children of that marriage. Both had worked throughout the marriage and are now retired, each having similar income and assets. In his petition for dissolution, the husband requested the court to divide the real and personal property of the parties and appellant counterclaimed and prayed that appellee’s interest in the marital home be awarded to her as lump sum alimony.
Having considered the record and briefs of counsel, we find no error in the refusal of the trial court to grant to the wife, as lump sum alimony, the husband’s interest in the jointly owned residence, that being a matter within the discretion of the court. Schwartz v. Schwartz, Fla.App. 1974, 297 So.2d 117. Although this was a marriage of long duration, both parties worked throughout the marriage and upon retirement had acquired equal retirement benefits and had accumulated substantially equivalent assets.
However, we reverse that provision of the final judgment ordering the sale of the marital residence. A complaint for dissolution of marriage which includes only a prayer for partition, but which does not otherwise conform to Chapter 64, Florida Statutes (1973), is insufficient to order the sale of a marital home, where there is no award of lump sum alimony, special equity or agreement to partition. Wischman v. Wischman, Fla.App.1975, 310 So.2d 428; Kamensky v. Kamensky, Fla.App. 1973, 282 So.2d 670; Rankin v. Rankin, Fla.App. 1972, 258 So.2d 489. Once a marriage is dissolved, the parties hold the property as tenants in common, Florida Statutes, Section 689.15 (1973).
Accordingly, the final judgment is affirmed in part and reversed in part as to the provision ordering the sale of the marital home.
GRIMES and SCHEB, JJ., concur.