349 So.2d 755 (1977)
Betty P. HOSKIN, Appellant,
v.
James R. HOSKIN, Appellee.
No. 76-1573.
District Court of Appeal of Florida, Third District.
August 30, 1977.
Rehearing Denied September 21, 1977.
*756 Charles J. Crowder, South Miami, for appellant.
Abbott, Frumkes & Alhadeff & Elliott C. Abbott, Miami Beach, for appellee.
Before HENDRY, C.J., and PEARSON and HUBBART, JJ.
PEARSON, Judge.
The former wife Betty Hoskin appeals a post-judgment order entered in a dissolution of marriage proceeding. The final judgment of dissolution was not appealed but the parties have been before this court on a previous appeal in a matter ancillary to the judgment of dissolution. See Hoskin v. Hoskin, 329 So.2d 19 (Fla.3d DCA 1976).
The final judgment dissolving the marriage was entered on June 4, 1974. As to the former marital residence, it provided as follows:
"8. During the marriage the parties owned as an estate by the entirety a single family resident dwelling situate at 11620 S.W. 138th Street, Miami, Florida, the legal description of which is:
Lot 7, Block 71, REPLAT OF PORTION OF RICHMOND HEIGHTS, according to the Plat thereof recorded in Plat Book 60 at page 21 of the Public Records for Dade County, Florida.
There are two mortgages encumbering the said real property, a first mortgage given to Washington Security Company, dated May 3, 1962 and subsequently assigned to Federal National Mortgage Associations the payments on which are being collected by Atico Mortgage Corp.; and a second mortgage given to First National Bank of South Miami, dated October 6, 1972. By virtue of this Final Judgment the parties shall now hold title to said property as tenants in common. The parties shall therefore share equally in all payments required on account of the two enumerated mortgages and on all Ad Valorem Taxes thereon and fire and extended coverage insurance thereon until such time as said residence is sold and upon sale of said residence the net proceeds from the sale shall be divided equally between the parties. All of the furniture, furnishings, fixtures, appliances, tools and equipment in and about the said resident dwelling shall also be owned equally by the parties and a genuine attempt shall be made by the parties upon sale of the resident dwelling, to divide such personal property among them in as nearly equal amounts as can be agreed upon. However, if no agreement can be made then the parties shall own same equally, shall dispose of same and divide the proceeds between themselves equally.
"9. Until the said resident dwelling can be sold by the parties the wife is hereby granted exclusive possession thereof to reside therein with the minor children of the parties. The Respondent shall remove himself from the said premises and vacate same on or before Saturday, June 1, 1974 turning the keys therefor over to the Petitioner or to her representative. The Respondent may remove all of his personal effects from the said resident dwelling but shall not remove any of the furniture, furnishings, fixtures or appliances, tools or equipment situate therein."
In the final judgment of dissolution, the court retained jurisdiction of the cause in the following paragraphs:
"12. Except as to the dissolution of the marriage granted in this Judgment and alimony for the wife, this Court specifically reserves jurisdiction of the entire matter to enter any further Orders that may be equitable, appropriate and just and this Court intends to re-evaluate the question of the amount of child support *757 at such time as the above-described single family resident dwelling is sold by the parties.
"13. Both parties are ordered to take whatever action is reasonable and necessary to, and conduct themselves in a manner conducive with, carrying out the intent and purpose of this Judgment."
Upon perceiving a lack of cooperation by his former wife in the contemplated sale of the former marital residence, the former husband filed a partition proceeding. The trial court ordered a partition and this court reversed in Hoskin v. Hoskin, supra.
Thereafter, pursuant to a petition from the former husband, the trial court entered the order now appealed in the dissolution proceeding in which the trial judge provided as follows:
"1. The Petitioner, BETTY P. HOSKIN, shall make every reasonable effort to sell the residence she now occupies, located at 11620 S.W. 138th Street, Miami, Florida, as provided by this Court's Order of June 4, 1974.
"2. The parties, BETTY P. HOSKIN and JAMES R. HOSKIN, are to select a real estate broker and list said residence with said broker for the purpose of selling same at its current market value. In the event that the parties cannot agree on a real estate broker within thirty (30) days of the date hereof, the Respondent, JAMES R. HOSKIN, shall choose a real estate broker and his choice shall be binding upon the Petitioner.
"3. The Petitioner shall allow real estate brokers and their agents and salesmen to enter the above-mentioned residence for the purpose of showing same to prospective purchasers.
"4. The Petitioner shall cooperate in every manner for the expeditious sale of said home.
"5. In the event that the above-mentioned residence is not sold within six (6) months of the date of this Order, BETTY P. HOSKIN shall no longer have exclusive possession of said home and JAMES R. HOSKIN shall be given co-possession with BETTY P. HOSKIN. In addition thereto, after said six (6) months' time period, the Respondent, JAMES R. HOSKIN, shall no longer be required to make mortgage payments on said home."
The former wife has again appealed urging that the trial court lacked jurisdiction to enter the order requiring her to proceed with the contemplated sale. In addition, the wife claims that the property has become her homestead property and, as such, is not subject to an order of sale.
The former wife's first point urges that the trial court lost jurisdiction after the final judgment to order the parties to dispose of the property. She relies upon Weinstein v. Weinstein, 148 So.2d 737 (Fla.3d DCA 1963); Bailey v. Stewart, 213 So.2d 442 (Fla.4th DCA 1968); and Thomas v. Greene, 226 So.2d 143 (Fla.1st DCA 1969), in support of her position. The holdings in these cases are inapplicable to the present case. Weinstein held that a trial judge may not order property held as an estate by the entirety to be sold as part of a final judgment dissolving a marriage.[1] In the present case, the final judgment was not appealed and is binding upon the parties. Cf. Carson v. Oldfield, 99 Fla. 862, 127 So. 851 (1930). Bailey held that a summary procedure in a post-judgment order requiring the sale of jointly-owned property was invalid where there was no provision concerning the property in the final judgment. Thomas held that the trial judge was without jurisdiction later to award to the husband jointly-held property where the final judgment did not disturb the joint ownership. See also McNaughton v. McNaughton, 332 So.2d 673 (Fla.3d DCA 1976).
In the present case, however, the trial judge expressly retained jurisdiction to enforce the contemplated sale which was a part of the final judgment dissolving the marriage. The former wife, having accepted the final judgment which clearly indicated *758 the agreement to sell the property, cannot claim, at this late date, that the final judgment, the benefits of which she has accepted, is invalid. See Hunter v. Hunter, 221 So.2d 189 (Fla.3d DCA 1969). The court retains jurisdiction to enforce the executory provisions contained in a final judgment of dissolution of marriage. See Sapp v. Sapp, 275 So.2d 43 (Fla.2d DCA 1973). See also Brasch v. Brasch, 109 So.2d 584 (Fla.3d DCA 1959). No error appears upon the first point.
The same principle of law defeats appellant's remaining points. The claimed homestead of the wife acquired by virtue of the final judgment is subject to the limitations of that judgment. Later acquired homestead rights cannot operate to defeat the provisions of the final judgment under which the former wife secured the right of possession.
Affirmed.
NOTES
[1] Later cases have allowed partition as a part of dissolution proceedings. See Walton v. Walton, 290 So.2d 110 (Fla.3d DCA 1974), and cases cited therein.