370 So.2d 813 (1979)
Vestus Elbert PRUITT, Jr., Appellant,
v.
August Owens PRUITT, Appellee.
No. 78-1548.
District Court of Appeal of Florida, Third District.
April 24, 1979.
Rehearing Denied June 1, 1979.
Coleman R. Rosenfield and Stuart Meisel, Ft. Lauderdale, L.J. Cushman, Miami, for appellant.
*814 Michael P. Maguire and Michael R. Friend, Miami, for appellee.
Before PEARSON and KEHOE, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
KEHOE, Judge.
Appellant, movant below, brings this appeal from an order entered by the trial court, incorporating a report of the general master, denying jurisdiction to determine certain property rights after a divorce decree between the parties had been entered. The general master found that the property rights of the parties were determined as of the date of the final decree and that no post-decree order may now be entered affecting or determining the property rights of the parties. Under the facts of this cause as reflected by the record, we agree with this proposition, particularly as it relates to the parties' Texas property. See, e.g., Finston v. Finston, 37 So.2d 423 (Fla. 1948); Bowen v. Bowen, 347 So.2d 675 (Fla. 3d DCA 1977); and Sistrunk v. Sistrunk, 235 So.2d 53 (Fla. 4th DCA 1970). However, we believe that the trial court erred when it awarded attorney's fees to appellee in regard to appellant's motion. See, e.g., Patterson v. Patterson, 348 So.2d 592 (Fla. 1st DCA 1977); and Schwebkne v. Schwebkne, 347 So.2d 645 (Fla. 3d DCA 1977). Accordingly, the order appealed is affirmed, except, to the extent that it awarded attorney's fees to appellee, it is reversed.
Affirmed in part, reversed in part.