375 So.2d 24 (1979)
Eva MUHLRAD, Appellant,
v.
Eugene MUHLRAD, Appellee.
No. 78-215.
District Court of Appeal of Florida, Third District.
September 11, 1979.
Rehearing Denied October 11, 1979.
*25 Theodore M. Trushin, Miami Beach, for appellant.
Scott T. Eber, Miami, for appellee.
Before HENDRY, KEHOE and SCHWARTZ, JJ.
PER CURIAM.
Appellant, Eva Muhlrad, challenges several provisions of a final judgment of dissolution of marriage in her action against her husband, Eugene Muhlrad. The challenges relate to property rights and her claim for alimony and attorney fees.
The wife's petition for dissolution of the marriage came after the parties had lived together as husband and wife since the year 1948 and had reared their two daughters, who have reached their majority.
The parties were married in New York about three years after Eva was released from Auschwitz concentration camp. At the time of her release she was suffering from several near fatal diseases. Eva collects a monthly pension from the German government and owns and operates a small business selling handbags and "T" shirts; Eugene, a former butcher, currently manages a number of apartment buildings, owned by members of his family. During coverture, the parties did hold title to an apartment building as tenants by the entireties.
We have considered all points raised by the appellant herein, and shall discuss only those of merit. We find that the trial court erred in ordering the apartment building known as the Evagene Apartments to be sold and the proceeds divided between the parties after the appointed receiver's fee is paid out of the proceeds. Neither party sought such relief, and the court was without jurisdiction to order the subject property sold. Real property held as an estate by the entireties does not automatically become subject to sale as part of the outcome of a dissolution of marriage action. McNaughton v. McNaughton, 332 So.2d 673 (Fla.3d DCA 1976). It has long been the general rule in Florida that a trial court, in a divorce action or in a dissolution of marriage action, may not order the sale of jointly-owned real estate without the agreement of the parties. Sharpe v. Sharpe, 267 So.2d 665 (Fla.3d DCA 1972); Goodstein v. Goodstein, 212 So.2d 321 (Fla.3d DCA 1968); Preston v. Preston, 216 So.2d 31 (Fla.3d DCA 1968); cert. denied, 222 So.2d 753 (Fla. 1969).
Rather, the effect of holding title to real property as tenants by the entireties during coverture is that upon dissolution, Section 689.15, Florida Statutes (1977) comes into play. This statute, by operation of law, causes the parties to become tenants in common. Thus, in the instant cause the parties become tenants in common and the provision of the final judgment regarding sale of the property is reversed.
The court-appointed receiver, who was to be paid from the proceeds of the Evagene Apartments sale (as provided for in the final judgment), is to file a final accounting with the trial court. The trial court, prior to discharge of the receiver shall award the receiver costs and a fee, based upon services previously rendered; the payment of costs and fee shall be borne equally by the parties to the dissolution.
We next address the provision relating to an automobile; the provision requires that the wife transfer her interest in the 1972 Dodge automobile to the husband. We reverse, as the circuit court was without *26 authority under the instant facts to award the husband personal property jointly owned by the parties. The same proposition of law as hereinabove discussed is applicable to the final judgment provisions involving the award of the automobile as well as the division of the furniture and furnishings. The court ordered that if the parties are unable to agree upon an equitable division, the court would, upon motion and notice, make such determination. This reservation of jurisdiction as to the chattels is improper, since neither of the parties sought partition. We believe that the same due process afforded for partition of real estate held by tenants by the entireties should be afforded for partition of personalty held as tenants by the entireties. Section 64.091, Florida Statutes (1977) so provides. Thus, absent appropriate pleadings complying with the partition statute or mutual agreement of the parties, this court does not have the authority to partition personal property at final hearing, and reservation of jurisdiction to do so at a later time cannot be found to be permissible. McGregor v. McGregor, 371 So.2d 567 (Fla. 4th DCA 1979); Harder v. Harder, 264 So.2d 476 (Fla.3d DCA 1972); Section 689.15; Rankin v. Rankin, 258 So.2d 489 (Fla.2d DCA 1972).
With regard to the provision relating to the partial payment by the appellee of the wife's attorney's fee, we cannot agree with the wife's contention that this constitutes an abuse of discretion by the trial court in that the husband should have been required to pay the wife's entire attorney's fee. Appellant has failed to make any clear demonstration of abuse of discretion, therefore, this court will not substitute its judgment for that of the trial court. Polak v. Polak, 282 So.2d 30 (Fla.3d DCA 1973).
In conclusion, we hold that the certain provisions relating to real and personal property are hereby reversed and the trial court is directed to proceed in accordance with the views expressed in this opinion. Further, it is to be included in the amended final judgment that the trial court reserve jurisdiction to award alimony in the future for the purpose of assessing the wife's possible need in the future and the husband's ability to pay. See 10A Fla.Jur. Dissolution of Marriage §§ 51, 260; Poe v. Poe, 263 So.2d 644 (Fla.3d DCA 1972); cf., Elkins v. Elkins, 287 So.2d 119 (Fla.3d DCA 1973) and Schwarb v. Schwarb, 259 So.2d 745 (Fla.1st DCA 1972).
The order appealed is reversed and remanded in part; in all other respects it is affirmed.