403 So.2d 490 (1981)
Barry L. COVIN, Appellant,
v.
Judith R. COVIN, a/k/a Judith Stone, Appellee.
No. 80-987.
District Court of Appeal of Florida, Third District.
August 18, 1981.
Rehearing Denied September 30, 1981.
*491 Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellant.
Hall & Hauser and Richard F. O'Brien, III, Miami, for appellee.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
The husband appeals a post-judgment order directing that the former marital residence of the parties be sold.
A final judgment of dissolution was entered on September 19, 1975, granting the wife custody of the children and exclusive use of the marital home until the youngest child reached eighteen, or until the wife remarried or occupied the premises with a male adult. The trial court retained jurisdiction to determine the amount of attorney's fees to be awarded to the wife's attorney. Several years after the divorce, the wife filed a motion for permission to sell the house, stating as grounds therefor that extensive repairs were needed on the house and the potential danger to the children's safety since the house was located on a canal. On July 13, 1979, the court ordered the parties to sell the house, and provided for the appointment of a special master in the event that the house was not sold within a certain time. When the husband refused to participate in the sale, he was cited for contempt and the matter referred to a master. The general master reported that the house had finally been sold and suggested *492 that contempt proceedings were no longer viable. The trial court approved the master's report and withheld contempt charges. Subsequently, the final order under review was entered on March 4, 1980, distributing the proceeds of the sale between the parties and directing the husband to pay the special master's fee and sixty percent of the wife's attorney's fees. It is from this order that the husband has appealed.
Appellant challenges the court's jurisdiction to direct a sale of the marital home, and further alleges that in light of the lack of jurisdiction the court abused its discretion in requiring him to pay the special master's fee and attorney's fees in the amount of $10,465.14.
The issue, then, is whether the court had the authority to enter a post-dissolution order partitioning the former marital home in the absence of a reservation of jurisdiction in the final judgment of dissolution. We find that it did not.
While the court is authorized by statute to modify the provisions of a final judgment of dissolution pertaining to the care, custody and maintenance of children of the marriage [§ 61.13, Florida Statutes (1977)] and to modify alimony provisions under certain circumstances [§ 61.14, Florida Statutes (1977)], there is no statutory authority for the court to retain jurisdiction to enter post-judgment orders determining the property rights of the parties. Sistrunk v. Sistrunk, 235 So.2d 53 (Fla. 4th DCA 1970). Generally, a court has no jurisdiction to modify property rights after an adjudication of those rights has been made in the judgment of dissolution. Mason v. Mason, 371 So.2d 226 (Fla. 2d DCA 1979); Pruitt v. Pruitt, 370 So.2d 813 (Fla. 3d DCA 1979).
Property rights not adjudicated on dissolution can be determined at a later time if jurisdiction to do so has been specifically retained, Galbut v. Garfinkl, 340 So.2d 470 (Fla. 1976). The court also retains jurisdiction to enforce any executory provisions contained in a final judgment of dissolution. Hoskin v. Hoskin, 349 So.2d 755 (Fla. 3d DCA 1977); Sapp v. Sapp, 275 So.2d 43 (Fla. 2d DCA 1973); cf. Mason v. Mason, 371 So.2d 226 (Fla. 2d DCA 1979) (general reservation of jurisdiction in dissolution order insufficient to preserve court's jurisdiction to subsequently alter property rights where dissolution order is self-executing).
Sub judice, the trial court did not retain jurisdiction to make a later determination with respect to the marital residence since this matter was fully adjudicated in the final order, and the specific reservation of jurisdiction contained therein was for the sole purpose of awarding attorney's fees. Additionally, the provision in the dissolution order pertaining to the marital home was self-executing, requiring no further judicial labor of the court.
When their marriage was dissolved, the parties became tenants in common of their real property, formerly held as an estate by the entireties, by virtue of Section 689.15 and Florida case law. Margolis v. Margolis, 343 So.2d 938 (Fla. 3d DCA 1977); Harder v. Harder, 264 So.2d 476 (Fla. 3d DCA 1972); Sistrunk v. Sistrunk, supra. To obtain partition of real property, a complaint requesting partition and containing the essential allegations and notice requirements of Section 64.041 is necessary. Farrington v. Farrington, 390 So.2d 461 (Fla. 3d DCA 1980); Muhlrad v. Muhlrad, 375 So.2d 24 (Fla. 3d DCA 1979); Wischman v. Wischman, 310 So.2d 428 (Fla.2d DCA 1975); Rankin v. Rankin, 258 So.2d 489 (Fla. 2d DCA 1972). Here, appellee-wife's motion requesting permission to sell the house did not conform to these requirements. Absent appropriate pleadings complying with Chapter 64, we find that the court below lacked authority to order the property to be sold. Appellee raises the issue of appellant's seeming acquiescence to the sale since he did not actually contest the partition below.[1] As appellee *493 concedes, however, the parties cannot mutually confer jurisdiction on the court where none exists, and such defects may be raised for the first time on appeal. Groover v. Groover, 383 So.2d 280 (Fla. 5th DCA 1980); Hadley v. Hadley, 140 So.2d 326 (Fla. 3d DCA 1962).
Although we hold that the court below lacked authority to order the former marital home partitioned, we are nonetheless unable to provide appellant with a remedy since we have been presented with a fait accompli  the house has been sold and the proceeds therefrom distributed. Appellant, moreover, has not complained about the division of the proceeds nor requested any express relief in this regard. Under the circumstances, we have no choice but to affirm the portion of the final order granting partition. However, since the fee awarded to the wife's attorney was based in part on the time expended seeking partition of the home, we reverse and remand for a reduction in said fee. The special master's fee which was charged to the appellant must also be reversed with directions to assess this charge against the wife.
That portion of the final order under review directing partition of the former marital residence is affirmed; the portion of the order directing the appellant to pay the master's fee is reversed and the order amended to require the wife to pay this fee. The fee awarded to the wife's attorney shall be reduced to reflect only those services relating to matters other than partition of the home.
Affirmed in part; reversed in part, and remanded.
NOTES
[1] Without attacking the sale of the house per se, appellant protested an initial order by the trial court which would have given the wife all the proceeds from the sale contrary to the terms of the final judgment of dissolution. That order was vacated by the court and the proceeds ultimately split between the parties.