417 So.2d 324 (1982)
Philip T. HORNE, Appellant,
v.
Geraldine Marie HORNE, Appellee.
No. 80-591.
District Court of Appeal of Florida, Fourth District.
July 28, 1982.
Irwin L. Langbein, West Palm Beach, for appellant.
Robert W. Horrell, Lake Worth, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We grant appellee/former wife's motion for rehearing and substitute the following opinion for the opinion which we published on November 25th, 1981.
Appellant/former husband contests the validity of an order entered pursuant to Florida Rule of Civil Procedure 1.540(b) wherein the trial court vacated for lack of jurisdiction a previously entered order which modified a provision of a final judgment of dissolution of marriage.
The final judgment awarded the wife exclusive use and possession of the marital home until the parties' minor child attained *325 majority.[1] Because the appellee remained in the home after the parties' minor child attained majority, the appellant filed a "Motion for Enforcement of Property Provision of Final Judgment." The trial court granted appellant's motion and found that the husband was entitled to one-half the rental value of the home. The trial court further ordered the sum of $65.00 per month charged against the appellee's interest in the home for so long as she occupied the home prior to its sale. The appellee did not appeal from this order but later moved to set it aside pursuant to Florida Rule of Civil Procedure 1.540(b). The court granted her motion and vacated its September 12th, 1977 order.
The appellant contends that the trial court erred when it set aside the September 12th, 1977 order because that order only enforced the terms of its final judgment. We disagree. When the trial court ordered the appellee's interest in the marital home charged for one-half of the reasonable rental value of the property it effectively modified a property provision of the final judgment of dissolution.
Therefore, the question is whether the trial court had jurisdiction to modify a property provision of a final judgment in which it did not expressly retain such jurisdiction.
In Covin v. Covin, 403 So.2d 490 (Fla. 3d DCA 1981), the trial court entered an order directing the sale of a marital home without a reservation of jurisdiction in the final judgment of dissolution for such action. The holding in Covin, supra, is dispositive of the case sub judice:
[T]here is no statutory authority for the court to retain jurisdiction to enter post-judgment orders determining the property rights of the parties. Sistrunk v. Sistrunk, 235 So.2d 53 (Fla. 4th DCA 1970). Generally, a court has no jurisdiction to modify property rights after an adjudication of those rights has been made in the judgment of dissolution. Mason v. Mason, 371 So.2d 226 (Fla. 2d DCA 1979); Pruitt v. Pruitt, 370 So.2d 813 (Fla. 3d DCA 1979).
Property rights not adjudicated on dissolution can be determined at a later time if jurisdiction to do so has been specifically retained, Galbut v. Garfinkl, 340 So.2d 470 (Fla. 1976). The court also retains jurisdiction to enforce any executory provisions contained in a final judgment of dissolution. Hoskin v. Hoskin, 349 So.2d 755 (Fla. 3d DCA 1977); Sapp v. Sapp, 275 So.2d 43 (Fla. 2d DCA 1973); cf. Mason v. Mason, 371 So.2d 226 (Fla. 2d DCA 1979).
Covin, supra, at 492.
Here, as in Covin, the trial court did not retain jurisdiction with respect to the marital residence. Therefore, the trial court had no jurisdiction to enter its September 12th, 1977 order and the order was void for lack of subject matter jurisdiction. Accordingly, we affirm the trial court's order vacating the September 12th, 1977 order.
AFFIRMED.
HERSEY, HURLEY and DELL, JJ., concur.
NOTES
[1] The final judgment provides:

The wife is awarded the exclusive use and occupancy of [the marital home] until the child attains his majority or is otherwise emancipated. The wife, during her exclusive occupancy, shall pay the monthly mortgage installments, together with taxes and insurance.