CORRECTED OPINION

PER CURIAM.
We withdraw our opinion of December 14, 1994, and issue the following in lieu thereof.
This is an appeal from an order denying appellant-former wife’s motion to enforce final judgment.
*94 After final judgment was entered in the dissolution action appellant filed a claim against an insurance company for reimbursement of medical expenses. The company sent the reimbursement check to appellee and the funds were placed (and remain) in the trust account of appellee’s attorney. This gave rise to the motion to enforce. There is not one scintilla of evidence to support appellee’s claim to these funds. Therefore, to the extent the trial court indicated at the hearing that his ruling was to be on the merits and in favor of appellee, it was in error. However, the order on appeal simply denies the motion. Because this is not a situation encompassed either by the rule in such cases as Covin v. Covin, 403 So.2d 490 (Fla. 3d DCA 1981), or that expressed in our case of Brandt v. Brandt, 525 So.2d 1017 (Fla. 4th DCA 1988), the fund having come into legal existence post-final judgment, the trial court had no jurisdiction to rule on the merits of the issue presented by the movant. Accordingly, we affirm. See Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979).
AFFIRMED.
HERSEY, STONE and POLEN, JJ., concur.