348 So.2d 612 (1977)
John SCHNEIDER, Appellant,
v.
Norma Jean SCHNEIDER, Appellee.
No. 77-135.
District Court of Appeal of Florida, Fourth District.
July 1, 1977.
J. Russell Hornsby, Orlando, for appellant.
James E. Foster, Fishback, Davis, Dominick & Simonet, Orlando, for appellee.
DAUKSCH, Judge.
For our consideration is an Interlocutory Appeal of an Order requiring discovery for a hearing seeking post judgment relief.
Appellant is seeking termination or reduction of the amount he is required to pay Appellee as alimony. He alleges he has a reduced ability to pay and his ex-wife has a reduced need. On interrogatories the wife seeks to discover the amount of any savings accounts or "commercial accounts" owned by the ex-husband's present wife. She also seeks to discover whether or not her ex-husband's present wife has owned any real property "during the last two years." The Appellant objected to the questions as being irrelevant and immaterial and "an invasion *613 of the right of privacy of the husband's present spouse." The court overruled the objections and ordered the Appellant to answer. We disagree with the trial court and reverse. Cited to us are Birge v. Simpson, 280 So.2d 482 (Fla. 1st DCA 1973) and Condon v. Condon, 295 So.2d 681 (Fla. 1st DCA 1974) which are rather on point but have to do with child support. Unless there is some showing on the part of the wife that the husband terminated or reduced his employment in order to keep from paying alimony and that he was relying upon his present wife for his living expenses in completion of the scheme, we can see no possibility of relevance concerning the present spouse's income. We are aware from the answer to one of the interrogatories that the husband's present spouse had paid some $1250 to his attorney for his services in this matter but we cannot find that to be within the definition of income.
The Order overruling objections to interrogatories is REVERSED.
CROSS and LETTS, JJ., concur.