371 So.2d 226 (1979)
Don G. MASON, Appellant,
v.
Eva N. MASON, Appellee.
No. 79-59.
District Court of Appeal of Florida, Second District.
May 25, 1979.
Wayne P. Dean, Jr., Groveland, for appellant.
C. John Coniglio, P.A., Wildwood, for appellee.
GRIMES, Chief Judge.
The husband appeals from an order of partition of joint property entered subsequent to an order of dissolution of marriage. Appellant argues that because the order of dissolution was dispositive of the property rights of the parties, the court was without jurisdiction to subsequently modify the disposition of property. We agree and reverse.
After an uncontested petition for dissolution and agreement by the parties for property settlement, the trial court entered the following order:
1. That the bonds of matrimony heretofore existing between the husband and the wife herein are hereby forever dissolved and set aside, and that the said marriage is dissolved a vinculo.
2. That the parties hereto have stipulated in open court that they are the joint owners of certain real, personal and intangible personal property, and that in order to make an equitable division thereof, the Petitioner-Wife, Eva N. Mason, shall within two (2) weeks from the date of this order make two (2) separate lists of said jointly owned property, dividing the property in a manner which she considers to be fair and equitable, and the Respondent-Husband shall have the choice of which list he shall receive. The Respondent-Husband shall make his determination within two (2) weeks after his receipt of said lists, and each party shall immediately thereafter execute any and all necessary documents to convey to the other party all their right, title, and interest therein.
3. That the Respondent-Husband shall, upon receipt of this order, return to the Petitioner-Wife, the Captain's Chair which he removed from her residence.
4. That this court does hereby retain jurisdiction of this cause and the parties hereto.
Two weeks later the husband filed an objection to the wife's filing of three property lists rather than the two lists referred to in the order. The wife than obtained permission to file an amended complaint in *227 which she prayed for partition of the jointly owned property. The husband moved to dismiss contending that the order of dissolution precluded further action in the matter. The court denied the motion to dismiss and entered a judgment directing partition of the jointly owned real and personal property.
Ordinarily a court has no jurisdiction to modify property rights after an adjudication of those rights has been made in the judgment of dissolution. Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948); Simon v. Simon, 293 So.2d 780 (Fla.3d DCA 1974). Property rights not adjudicated on dissolution can be determined later when jurisdiction to do so has been reserved. Galbut v. Garfinkl, 340 So.2d 470 (Fla. 1976); Hyman v. Hyman, 310 So.2d 378 (Fla.2d DCA 1975), cert. discharged 329 So.2d 299 (1976); Seale v. Seale, 350 So.2d 96 (Fla. 1st DCA 1977). However, the reservation of jurisdiction contemplated by the foregoing cases is a specific reservation for the purpose of making a later adjudication of property rights.
The general reservation of jurisdiction contained in the dissolution order entered below was insufficient to preserve the court's jurisdiction to subsequently alter the property rights. The dissolution order was self-executing, directing the parties to convey joint property under an orderly procedure. No further judicial labor was required or contemplated other than enforcement, should such become necessary. See S.L.T. Warehouse Co. v. Webb, 304 So.2d 97 (Fla. 1974).
The order of dissolution was a final judgment determining the property rights of the parties. The court was without jurisdiction to enter a later contradictory judgment directing partition.
REVERSED.
SCHEB and RYDER, JJ., concur.