375 So.2d 46 (1979)
Curt F. FRIED, Appellant,
v.
Ruth Ellen FRIED, Appellee.
No. 78-1287.
District Court of Appeal of Florida, Second District.
September 19, 1979.
*47 Chad P. Pugatch and Earl Faircloth of Houston, Faircloth, Cooper & Easthope, Fort Lauderdale, for appellant.
Lawrence D. Martin of Vega, Brown & Nichols, P.A., Naples, for appellee.
PER CURIAM.
Appellant Curt Fried takes this appeal from a final order awarding appellee, his former wife, inter alia, lump sum alimony in the amount of $67,500; child support of $300 per month during the child's minority and his interest in certain jointly owned resort property known as Luxor Manor. The order further awarded him his former wife's interest in the jointly owned marital home.
Appellant argues that the court committed reversible error in granting appellee lump sum alimony in an amount nearly double his annual income, when he is employed, and far beyond his ability to respond. Moreover, he contends the award of his interest in the resort property compounds his inability to pay this amount.
The parties were married for 18 years and are parents of one son who was 16 years old at the time of dissolution. Appellant is 56 years old and appellee is 58 years old. Appellant worked as a seaman for six months per year and earned approximately $30,000 annually from that occupation. Between shipping trips he worked with his wife and son at their summer resort in New York. Appellee had no outside employment during the marriage.
The court dissolved the marriage in 1977, but retained jurisdiction to determine property rights and support. In the meantime, *48 the wife was awarded $750 a month temporary alimony. Subsequently, additional testimony was taken, and the court entered the order which appellant now contests.
After the marriage was dissolved, appellant remarried. His new wife is a person of financial means who has provided all his living expenses since their marriage and advanced him the money necessary to pay the temporary alimony. Appellant has not worked for almost two years. On this subject he testified:
Q Have you sought employment since April 16th?
A No, I have not been able to for the simple reason that I have to appear in Court. I have to dissolve the problems of disposing of the property and working with the real estate agents. Also, I had to appear here for a deposition and Court last year. And now I'm here for another deposition, March 1st, 1978. And traveling all over the world, I can't be in two places at one time.
Q Then that's the only reason that you've been unemployed, these reasons that you gave?
A That's true.
Appellee has been operating the resort property by herself since the marriage was dissolved. Under her direction, the property has returned a small profit for the first time in several years. However she will have to make repairs in the neighborhood of $10,000 before the health authorities will permit continued operation. The property is valued at about $90,000, though in the course of their recent efforts to sell the property, the parties have been unable to obtain an offer approaching this figure. The marital home has a net equity value of about $22,500. Except for these two jointly owned parcels of real estate in New York, the parties own no other assets of appreciable value.
We consider first the award of $67,500 lump sum alimony. The record supports the appellee's need. However, the husband's ability to pay is a prime consideration in the award of alimony. Even where a wife demonstrates need, the court must look to the husband's personal financial circumstances and his ability to respond to an alimony order. DeHart v. DeHart, 360 So.2d 1285 (Fla. 2d DCA 1978). Here, the court apparently considered the assets of appellant's new wife in determining the amount of alimony he could pay. Yet, appellant's wife is under no legal obligation to pay his alimony, and the fact remains that appellant simply does not have the $67,500 which the order requires him to immediately pay to appellee. The monetary lump sum alimony award must, therefore, be set aside.
Although the court cannot look to the present wife's assets as a source for the appellant's alimony requirements, it can consider the fact that appellant has declined to seek employment because his living expenses have been furnished by his present wife when determining what efforts appellant should make in order to provide periodic alimony. To put it another way, while there is nothing wrong in appellant not seeking employment because his present wife's circumstances make it unnecessary, this does not obviate his obligation to pay alimony commensurate with what he might reasonably be expected to earn had he chosen to seek employment. The choice is his. He can seek to continue to borrow from his wife, or he can go to work.
With respect to the award of appellant's interest in the resort property, the court characterized both this and the award of the marital home to appellant as a property settlement. Appellant correctly points out that a court cannot make a property settlement for the parties. Owen v. Owen, 284 So.2d 384 (Fla. 1973). We, therefore, find it necessary to set aside both these awards.
Accordingly, we reverse those portions of the order relating to lump sum alimony of $67,500 and the awards of the resort property and the marital home. We remand the case for a further hearing on the issues of alimony and the disposition of the real estate, at which time the court may permit *49 the pleadings to be amended and receive additional evidence bearing on the current status of the parties. In all other respects, we affirm.
GRIMES, C.J., and HOBSON and RYDER, JJ., concur.