407 So.2d 927 (1981)
Charles LAU, Appellant,
v.
Barbara Ann LAU, Appellee.
No. 81-210.
District Court of Appeal of Florida, Third District.
November 24, 1981.
Rehearing Denied January 21, 1982.
*928 Richard, Tharp & Pemsler, Miami, for appellant.
Horton, Perse & Ginsberg, Miami, for appellee.
Before HENDRY and FERGUSON, JJ. and VANN, HAROLD (Ret.), Associate Judge.
PER CURIAM.
This is an appeal from a final judgment granting the wife's petition for modification of a dissolution judgment. The wife has cross-appealed the trial court's denial of her request to make the increased benefits retroactive to the date of her modification petition.
The parties were granted a dissolution in 1971. At the time of dissolution, the husband's annual income was approximately $13,000; the wife had no income. The parties had been married sixteen years. The wife was awarded $350 per month alimony, and the husband was ordered to pay child support of $100 per month for each of the parties' four children.[1] Exclusive use of the marital home was given to the wife until the youngest child reached the age of majority. Pursuant to the property settlement agreement between the parties, the wife was to make all future mortgage payments on the former marital home, and at the time of sale, all amounts paid by the wife toward the principal would be credited to her and the proceeds from the sale then divided. The husband was to maintain an existing medical insurance policy for the children, and medical expenses in excess of the insurance coverage were to be paid by the wife.
The trial court granted the wife's petition for modification, finding the wife and minor children had an increased need and the husband an increased ability to provide that need.[2] The modification order granted the wife $600 a month alimony; ordered the husband to reimburse the wife "for her contributions to the mortgage payments, taxes, insurance and repairs to the former marital home at the time the house is sold"; and ordered the husband to share the costs of medical and dental expenses, above those covered by insurance.[3]
There being substantial competent evidence to support the trial court's order modifying the amount of alimony, we affirm, Zammas v. Zammas, 328 So.2d 519 (Fla.3d DCA 1976); Meltzer v. Meltzer, 262 So.2d 470 (Fla.3d DCA 1972), finding no abuse of the trial court's discretion.
*929 The record clearly reflects that the allocation by the parties of the responsibility for the mortgage payments, taxes, insurance, house repairs, and children's medical expenses was part of the property settlement agreement. As has been held on numerous occasions, the property settlement is not modifiable. See, e.g., Rubio v. Rubio, 347 So.2d 1093 (Fla.2d DCA 1977); Gilbert v. Gilbert, 312 So.2d 511 (Fla.3d DCA 1975); Vandervoort v. Vandervoort, 277 So.2d 43 (Fla.3d DCA 1973). Therefore, we reverse that part of the trial court's order.
Finally, we affirm the trial court's denial of the wife's request to make the modified alimony retroactive. The decision to make alimony retroactive is within the trial court's discretion, Brisco v. Brisco, 355 So.2d 506 (Fla.2d DCA 1978).
Affirmed in part, reversed in part, and remanded.
NOTES
[1] Only two of the four children are still eligible for support, two having reached the age of majority.
[2] While the husband is correct that the trial court may not consider the husband's present spouse's income in determining the husband's increased ability to pay, see Schneider v. Schneider, 348 So.2d 612 (Fla. 4th DCA 1977), and even assuming, arguendo, the trial court did so, any error is clearly harmless, because the husband's income alone, now more than three times greater than it was in 1971, is substantially increased.
[3] The trial court also (a) increased child support payments to $250 per child monthly, and (b) ordered the husband to pay the wife $5,000 in attorneys' fees. The husband has not appealed the increase in child support, and we affirm that part of the order. The wife concedes that absent ample evidence to support the attorneys' fee award, it was in error. We agree, see Ortiz v. Ortiz, 211 So.2d 243 (Fla.3d DCA 1968); Lyle v. Lyle, 167 So.2d 256 (Fla. 4th DCA 1964), and reverse the award and remand for appropriate hearing. The wife, of course, will be required to prove that the fee is reasonable, that she is unable to pay the fee, and that the husband is able to pay. Woodworth v. Woodworth, 385 So.2d 1024 (Fla. 4th DCA 1980).