426 So.2d 1255 (1983)
Justin C. MONTGOMERY, Petitioner,
v.
Daty L. MONTGOMERY, Respondent.
No. AQ-5.
District Court of Appeal of Florida, First District.
February 10, 1983.
*1256 Robert A. Skeels, Jacksonville Beach, and John F. Fannin, Jacksonville, for petitioner.
Daniel A. Japour, Jacksonville, for respondent.
THOMPSON, Judge.
Petitioner, Justic C. Montgomery, seeks issuance of a Writ of Common Law Certiorari to review a trial court order requiring him to respond to interrogatories propounded by respondent, Daty L. Montgomery, his former wife. We grant the writ and quash that portion of the trial court's order requiring petitioner to divulge his knowledge of his present wife's income.
The marriage of the parties was dissolved by final judgment dated May 11, 1981, but no award of alimony or child support was ordered at that time. Shortly after the divorce became final, petitioner married his present wife, whom he admits has her own separate assets and income. The respondent thereafter filed a motion for award of alimony and child support and modification of final judgment. She then conducted discovery to determine petitioner's ability to pay alimony and child support. The petitioner tendered his financial affidavit which, by his own admission, listed certain expenses which represented the joint living expenses of both he and his present wife. The respondent then propounded the interrogatories complained of, to prove that to the extent petitioner's present wife is capable of paying her own share of their joint living expenses, petitioner has overstated his expenses and thus has understated his ability to pay alimony. The trial court properly sustained petitioner's objections to interrogatories concerning his present wife's assets, and to the request that he produce documentary evidence concerning his present wife's income and assets. However, the court did order petitioner to divulge his own personal knowledge of his present wife's income. This order was too broad, since it prematurely obliges petitioner to violate his present wife's right to privacy.
It is well-settled that a successor spouse may not be required to pay support owed by his or her spouse to a former spouse, and that the financial status of a successor spouse is not ordinarily relevant to a determination of the amount of alimony which the divorced spouse is capable of paying. Lau v. Lau, 407 So.2d 927 (Fla. 3d DCA 1982); Fried v. Fried, 375 So.2d 46 (Fla. 2d DCA 1979). However, such discovery may be had where a party who is entitled to alimony demonstrates that a party owing the alimony has deliberately limited his or her income for the purpose of avoiding or reducing the alimony obligation, and is living off the income of the successor spouse in furtherance of the scheme to avoid the alimony obligation. Schneider v. Schneider, 348 So.2d 612 (Fla. 4th DCA 1977). Respondent has failed to make such a showing and, in fact, admits in her response to the instant petition that the real issue here is whether petitioner has overstated his expenses, thereby misleading the trial court as to his ability to pay alimony. Considering the present posture of this case, the respondent is entitled to only such discovery as will permit her to place before the trial judge the facts necessary to assess the petitioner's ability to pay. The actual amount of the present wife's *1257 income is not a necessary fact to the determination of whether petitioner has overstated his expenses. The trial judge should simply have ordered petitioner to state whether his present wife is financially able to pay her own share of their joint expenses. Requiring petitioner to disclose his personal knowledge of his present wife's ability to pay her share of their joint expenses will clearly cause a lesser invasion of her privacy than would requiring disclosure of his knowledge of the amount of her income. The actual amount of the present wife's income is irrelevant and will remain so unless and until petitioner denies that the present wife is financially able to contribute toward their joint expenses.
Accordingly, we issue the writ and quash that portion of the trial court's order requiring petitioner to divulge his knowledge of his present wife's income, without prejudice to the respondent's right to conduct additional discovery to determine whether the present wife is paying or is capable of paying her share of the joint expenses listed on petitioner's financial affidavit. In the event that petitioner denies that the present wife is able to contribute toward their joint expenses, or upon an adequate showing by respondent that petitioner is living off his present wife's income and has limited his own income for the purpose of avoiding his support obligations, the trial judge may require petitioner to disclose his knowledge of his present wife's income.
ROBERT P. SMITH, Jr., C.J., and LARRY G. SMITH, J., concur.