MILLS, Judge.
The issue in this appeal is whether the trial court erred in awarding to wife and her attorney funds held in escrow from the sale of the marital home. We find no error and affirm.
Husband and wife were divorced after 15 years of marriage. The final judgment of dissolution provided for the marital home to be sold, with the proceeds to be split equally between the parties. Further, it was to be wife’s responsibility to make all payments on the home so long as she resided therein, but upon her vacating the home, husband was to be responsible for all mortgage payments until the house was sold.
Almost two years after the final judgment of dissolution, wife filed a motion for contempt, alleging that husband had vacated the marital home and had left the mortgage payments unpaid. The trial court entered an order on 7 April 1983, awarding wife a “special equity” over and above her one-half interest in the proceeds from the sale of the marital home in the amount of $3,485.86, the amount expended by her in attempting to avoid foreclosure by the mortgagee. Wife was also awarded $750 in attorney’s fees. No appeal was taken from that order.
Soon thereafter, wife found it necessary to file a second motion for contempt, this time alleging that the marital home had been sold and that the proceeds from the sale were being held in escrow, but that husband had refused to allow her to receive her “special equity.” On 14 July 1983, the trial court entered the order which is the subject of this appeal. In that order, the trial court found that wife had increased the amount of her “special equity” because of three additional mortgage payments she had made since the court’s order of 7 April, bringing her total “special equity” to $4,486.30. The trial court ordered that amount to be disbursed to wife from the funds held in escrow. The remaining $711.42 was ordered to be disbursed to wife’s attorney in satisfaction of the $750 awarded to him in the 7 April order.
Citing Mason v. Mason, 371 So.2d 226 (Fla. 2d DCA 1979), husband contends that the trial court erred in awarding wife a “special equity.” Specifically, it is contended that without an express reservation of jurisdiction, a trial court may not modify property rights after an adjudication of those rights has been made in the final judgment of dissolution. We find Mason inapposite. In Mason, the former wife filed an amended complaint praying for partition of property which she owned jointly with her former husband after the trial court had made an adjudication regarding that property in the final judgment of dissolution. Here, wife was simply seeking to enforce the terms of the final judgment of dissolution which had obligated husband to make all mortgage payments on the house until it was sold.
■ [2] Further, we agree with wife that husband’s real quarrel is with the order of 7 April. Because no appeal was taken from that order, husband may not now contest it.
AFFIRMED.
SMITH and NIMMONS, JJ., concur.