523 So.2d 187 (1988)
Richard A. HARMAN, Jr., Appellant,
v.
Jennifer HARMAN, Appellee.
No. 87-1871.
District Court of Appeal of Florida, Second District.
April 8, 1988.
Wofford H. Stidham, Bartow, for appellant.
Theodore W. Weeks, III, Lakeland, for appellee.
RYDER, Acting Chief Judge.
In February 1985, the trial court entered a final judgment of dissolution of marriage which incorporated by reference a "Stipulation and Agreement". The "Stipulation and Agreement" gave the wife the use and possession of the marital home and required the husband to pay the mortgage, maintenance and insurance costs of the home. The final judgment awarded the wife permanent alimony of $350.00 per month. The final judgment contained a general reservation of jurisdiction over the matter: "This Court retains jurisdiction over the matter of attorney's fees, the parties and the subject matter to enter such *188 other and further orders as the Court deems necessary and just in the premises."
In February 1987, the wife moved to have the husband cited for contempt for failing to make alimony payments in a timely fashion. The husband answered with a petition for modification of the final judgment alleging that he was no longer able to meet the payments required by the final judgment.
A hearing was held on the parties' motions. The trial court examined the husband's financial affidavit and questioned the husband about his present wife's income. In May 1987, the trial court entered an order directing the husband to convey his interest in the former marital home to the wife. In June 1987, the trial court entered a second order reducing the permanent alimony required to be paid to $250.00 per month.
Appellant raises two points on appeal. First, appellant contends that the trial court erred in ordering him to convey his interest in the former marital home to his former wife. Second, appellant argues that the trial court erred in considering his present wife's salary in determining his ability to pay the $250.00 per month permanent alimony.
At oral argument, with much appreciated candor, it was stipulated and agreed to by counsel that the trial judge herein committed reversible error in both points on appeal. Counsel urged us to reverse and remand this case to the trial judge for further action.
"[A] final decree in an equity suit settles all property rights of the parties and precludes any action thereafter brought by either party to determine the question of property rights." Dotter v. Dotter, 147 So.2d 209 (Fla. 2d DCA 1962). In the absence of a specific reservation of jurisdiction for the purpose of making a later adjudication of property rights, the court does not have jurisdiction to modify property rights after an adjudication of those rights has been made in a judgment of dissolution. Mason v. Mason, 371 So.2d 226 (Fla. 2d DCA 1979).
The trial court's general reservation of jurisdiction in the instant case was "insufficient to preserve the court's jurisdiction to subsequently alter the property rights." Id. The trial court erred in awarding the husband's interest in the former marital home to the wife. Accordingly, we reverse.
Appellant's second point also has merit. As was stated in Montgomery v. Montgomery, 426 So.2d 1255 (Fla. 1st DCA 1983):
[A] successor spouse may not be required to pay support owed by his or her spouse to a former spouse, and ... the financial status of a successor spouse is not ordinarily relevant to a determination of the amount of alimony which the divorced spouse is capable of paying. Lau v. Lau, 407 So.2d 927 (Fla. 3d DCA 1982); Fried v. Fried, 375 So.2d 46 (Fla. 2d DCA 1979). However, such discovery may be had where a party who is entitled to alimony demonstrates that a party owing the alimony has deliberately limited his or her income for the purpose of avoiding or reducing the alimony obligation, and is living off the income of the successor spouse in furtherance of the scheme to avoid the alimony obligation. Schneider v. Schneider, 348 So.2d 612 (Fla. 4th DCA 1977).
In the instant case, from the record, it is unclear whether the trial court relied upon the husband's present wife's income in determining the husband's ability to pay the $250.00 per month permanent alimony. We reverse the trial court's modification of the permanent alimony and remand for a hearing on the husband's ability to pay permanent alimony. At the hearing, the trial court is to consider all facets of the husband's ability to pay. The trial court is to closely scrutinize the husband's bills and determine whether such are joint expenses in which case the present wife's ability to pay her share of the joint expenses should be considered. Montgomery at 1256.
We are not certain whether the trial court would have reduced the award of permanent alimony if it had not awarded the wife the husband's interest in the former *189 marital home. Because the trial court committed reversible error in awarding the wife the husband's interest in the marital home and because the trial court erred in considering the present wife's salary, we reverse and set aside the trial court's post-judgment orders and order that the wife be paid permanent alimony at the amount due prior to the trial court's modifications of the final judgment. We remand for retrial on the alimony modification issue.
Reversed and remanded for proceedings consistent with this opinion.
FRANK and HALL, JJ., concur.