SALCINES, Judge.
Duane J. Knorr, the former husband, appeals the final judgment of dissolution of marriage and two nonfinal postjudgment orders. We affirm in part and reverse in part the final judgment, reverse one of the postjudgment orders, and remand the second to be stricken.
The former husband and Della H. Knorr, the former wife, were married in 1980 and have three children. A petition *1018 for dissolution of marriage was filed on April 15,1998. The “Final Judgment as to Equitable Distribution, Alimony, and Child Support and Visitation” was rendered by Judge Charles T. Carlton on August 15, 2000. Thereafter, on October 11, 2000, an order was rendered by Judge Cynthia A. Ellis granting the former wife’s motion for contempt, and a separate order was rendered by Judge Ellis on November 13, 2000, denying the former husband’s emergency motion for contempt and unsupervised visitation.
On appeal, the former husband raised seven grounds of error concerning the final judgment of dissolution and two grounds of error challenging the post-judgment orders. We affirm five of the grounds of error relating to the final judgment without further comment.
One of the remaining issues relating to the final judgment of dissolution concerns the trial court’s choice of March 1,1998, as the controlling date for classifying marital assets and liabilities. It is not clear why the trial court chose this date, but based upon the record before this court, the selection was erroneous. The proper cutoff date for determining the marital assets and liabilities of the parties is either the date those parties enter into a valid separation agreement, the date expressly established by such an agreement, or the date the petition for dissolution of marriage was filed. § 61.075(6), Fla. Stat. (1997).
In the present case, the petition for dissolution of marriage was filed on April 15, 1998, and there is no evidence that the parties ever entered into a separation agreement. Accordingly, the trial court’s finding in the final judgment determining the valuation date to be March 1, 1998, is reversed. This case is remanded for the trial court to enter an amended final judgment with the corrected date of valuation as April 15, 1998. Further, the trial court shall make any necessary adjustments to the remainder of the determinations set forth in the final judgment which are affected by this change.
The remaining issue relating to the final judgment concerns the trial court’s decision to require the former husband to pay $2280 per month in child support. This sum was the same as that which he had been directed to pay in a temporary child support order rendered June 29, 1998. The trial court made no findings of fact concerning the former husband’s financial condition at the time of trial. The former wife argues on appeal that the trial court’s ruling was an “implicit adoption of the report [and recommendation] of the special master dated July 22, 1999,” which imputed an income of $8000 per month to the former husband. However, the final judgment of dissolution did not reference or adopt the report of the special master. Accordingly, the final judgment concerning the amount of child support awarded is reversed. This matter is remanded for the trial court to make specific findings of fact relating to the amount of child support to be awarded in accordance with section 61.30(3), Florida Statutes (Supp.1998), and to award an appropriate sum.
With regard to the postjudgment contempt order rendered on October 11, 2000, we agree with the former husband that the trial court erred when it ordered the sale of the property identified as the “Golden Gate Estate.” This property had been specifically awarded to the former husband in the final judgment rendered on August 15, 2000. The trial court did not have jurisdiction to modify property rights after adjudication of those rights had been made in the final judgment of dissolution almost two months earlier. See Harman v. Harman, 523 So.2d 187 (Fla. 2d DCA 1988). We reverse the October 11, 2000, order. We also note that when the trial *1019 court prepares the amended final judgment of dissolution and makes the necessary adjustments to the distribution of properties affected by the corrected date of valuation, the “Golden Gate Estate” should be included in the redistribution.
Finally, the former husband complains that the trial court erred when it denied his request for unsupervised visitation in an order rendered November 13, 2000. At the time of oral argument before this court, the parties agreed that this issue is moot, but the order should be stricken. Therefore, we remand the order of November 13, 2000, to the trial court and direct that it be stricken.
We affirm in part, and reverse in part, the final judgment of dissolution; reverse the postjudgment order rendered on October 11, 2000; and remand the post-judgment order rendered on November 13, 2000, to be stricken by the trial court.
BLUE, C.J., and STRINGER, J., concur.