848 So.2d 403 (2003)
Joey Wayne BRIDGES, Appellant,
v.
Dora Faye BRIDGES, Appellee.
No. 2D01-832.
District Court of Appeal of Florida, Second District.
June 25, 2003.
*404 William C. Hamm, Jr., Lakeland, for Appellant.
No appearance for Appellee.
NORTHCUTT, Judge.
In May 2000, the circuit court entered a final judgment dissolving the marriage of Mr. and Mrs. Bridges. Then in December 2000, on Mrs. Bridges's motion to enforce the judgment, the court awarded her money damages in lieu of personal property she had received in the dissolution judgment. Mr. Bridges challenges that December order in this appeal. We reverse because the circuit court had no jurisdiction to enter it.
The dissolution judgment awarded the marital home and its contents to Mrs. Bridges. In June 2000, she filed a motion for contempt, contending that Mr. Bridges had removed certain items from the home that belonged to her under the terms of the judgment. He moved to dismiss the contempt motion on the ground that contempt was not a proper remedy to enforce an award of personal property. The circuit court agreed and dismissed the motion. Mrs. Bridges then filed a motion to enforce the final judgment, again alleging that Mr. Bridges had taken her property. After hearing some evidence about the allegedly missing items, the court entered a money judgment against Mr. Bridges for the value of the property, $12,000.
Usually a court has no jurisdiction to modify property rights after those rights have been adjudicated in a final judgment of dissolution. Mason v. Mason, 371 So.2d 226, 227 (Fla. 2d DCA 1979). Although the dissolution judgment in this case contained a reservation of jurisdiction for its enforcement, this general reservation did not empower the court to, in essence, change the wife's award of tangible personal property into an award of money damages. See Harman v. Harman, 523 So.2d 187, 188 (Fla. 2d DCA 1988) (holding a general reservation of jurisdiction did not preserve the court's jurisdiction to alter the property rights determined in the final judgment of dissolution). Therefore, we reverse the order awarding money damages to Mrs. Bridges.
Because our reversal is grounded on lack of jurisdiction, the December 2000 order has effectively been expunged. Marshall & Spencer Co. v. People's Bank of Jacksonville, 88 Fla. 190, 101 So. 358, 359 (1924). Therefore, we need not address Mr. Bridges's contentions that he did not receive due process and that the court's valuation of the personal property was not supported by the evidence. Further, the order will have no res judicata effect or law of the case implications in any other lawsuit Mrs. Bridges may wish to file. See Polk County v. Sofka, 730 So.2d 389, 393 (Fla. 2d DCA 1999).
Reversed.
WHATLEY and STRINGER, JJ., Concur.