NORTHCUTT, Judge.
T. Clayton Jenkins challenges the final judgment dissolving his marriage to Sonia Jenkins and an order on her prayer for attorney’s fees and costs incurred in the dissolution proceeding. He contends the circuit court erred in establishing the amounts of his alimony and child support obligations and in directing him to pay a portion of Mrs. Jenkins’s attorney’s fees and costs without determining his income. We agree and reverse.
Case law and statutes provide that when making support and attorney’s fee awards in a dissolution of marriage proceeding, the circuit court must include findings of fact sufficient to permit appellate review of the awards. See, e.g., § 61.08(1), Fla. Stat. (2001); Knorr v. Knorr, 827 So.2d 1017 (Fla. 2d DCA 2002); Segall v. Segall, 708 So.2d 983, 988 (Fla. 4th DCA 1998). Among the more important of these findings is a determination of the parties’ respective incomes. See Segall, 708 So.2d at 988.
In this case, the final judgment fails to include a finding as to Mr. Jenkins’s income at the time of the final hearing. Rather, it simply sets forth his earnings in each of four calendar years ending six months before the final hearing. These figures range from $89,899 to $124,089. Given this wide variation, the findings in the final judgment simply are inadequate to permit appellate review of the alimony, child support, and attorney’s fee awards.
In an effort to expedite matters and to avoid unnecessary expense to the parties, we temporarily relinquished jurisdiction with instructions to file supplemental findings setting forth the incomes the court attributed to each party when making its alimony, child support, and attorney’s fee awards. But the circuit court’s supplemental findings confuse matters further because they do not match the final judgment. For example, whereas the final judgment directs Mr. Jenkins to pay monthly child support of $1140, the court’s supplemental findings assert that Mr. Jenkins’s share of the child support obligation is $1177 per month, and our own calculation based on the income attributed to him in those findings suggests that his share of the child support obligation would be a different amount altogether.
Consequently, we remain unable to review the final judgment. We strike the circuit court’s Written Finding Pursuant to Court’s Relinquishment of Jurisdiction as unresponsive. We reverse the alimony *304 and child support awards contained in the final judgment of dissolution of marriage, reverse the award of attorney’s fees and costs, and remand with directions to revisit these three issues.
Reversed and remanded.
FULMER and STRINGER, JJ., Concur.