898 So.2d 225 (2005)
Ronald SPENCER, Appellant,
v.
Kathryn B. SPENCER, Appellee.
No. 2D04-3688.
District Court of Appeal of Florida, Second District.
March 16, 2005.
*226 J. Stanford Lifsey of J. Stanford Lifsey, P.A., Tampa, for Appellant.
M. Katherine Ramers of M. Katherine Ramers, P.A., Dunedin, for Appellee.
ALTENBERND, Chief Judge.
Ronald Spencer appeals an ex parte injunction prohibiting him from disposing of certain personal property. The injunction was entered in a divorce proceeding after the circuit court entered a final judgment of dissolution of marriage. Because the circuit court lacked authority to enter an injunction of this scope in this action, we reverse.
The record in this interlocutory appeal is quite limited. On December 24, 2003, after a contested final hearing, the circuit court entered a final judgment dissolving the marriage of Ronald Spencer and Kathryn Spencer. With respect to the parties' tangible personal property, the final judgment awarded Ms. Spencer two boats worth $7000, jewelry worth $5000, and household furnishings worth $10,335. The only tangible personal property awarded to Mr. Spencer was $8295 in household goods that he had "disposed of." In paragraph 18(m), the trial court found that the parties had "remaining household goods" of "nominal" value. With respect to these remaining items, the final judgment required Ms. Spencer to itemize them and to divide the items into two lists, from which Mr. Spencer could choose one of the lists as the personal property to be awarded to him.
The final judgment resolved all of the pending issues between the parties, with the exception of the amount of attorneys' fees to be awarded to Ms. Spencer. It did not contain a reservation of jurisdiction concerning the distribution of the remaining nominally valued personal property. If the final judgment had reserved jurisdiction either to incorporate the selected lists into a subsequent order or to resolve the issue of this personal property if the parties failed to agree, our analysis in this case might be significantly different.
Apparently, the lists Ms. Spencer prepared were not acceptable to Mr. Spencer, and he refused to select one and accept it as his distribution of the remaining personal property. Shortly after learning of Mr. Spencer's refusal, Ms. Spencer filed a verified motion for an ex parte injunction. It appears that this motion was one of several efforts by Ms. Spencer to obtain Mr. Spencer's compliance with this and other provisions of the final judgment. The verified motion for injunctive relief discussed not only the property on the two lists, but also the household furnishings and the two boats that had been explicitly awarded to Ms. Spencer. The motion claimed that Mr. Spencer had been observed packing personal property in the home and removing it shortly after he was released from jail for a willful indirect civil contempt arising out of his nonpayment of alimony.
The circuit court granted the ex parte injunction. The resulting order required that Mr. Spencer not "gift, sell, transfer, remove, encumber or otherwise dissipate any and all of the marital tangible personal property previously held at, and taken away from, the former marital residence." The injunction, entered on June 30, 2004, did not provide for a return hearing date or time, did not include any findings, and did not provide for a bond.
Mr. Spencer's counsel initially filed a motion to dissolve the injunction and set *227 the matter for hearing for July 21, 2004. Thereafter, however, Mr. Spencer withdrew the motion and pursued this appeal. Thus, the circuit court did not have an opportunity to consider Mr. Spencer's arguments. On appeal, Mr. Spencer argues that the trial court lacked jurisdiction to enter this postjudgment injunction. Because the injunction entered is overbroad, we agree.
We recognize that a court always has the inherent jurisdiction to enforce its previously entered orders, even in the absence of an express reservation of jurisdiction in a final judgment. See Paulucci v. Gen. Dynamics Corp., 842 So.2d 797, 801 (Fla.2003). In addition, a court retains jurisdiction to enforce the executory provisions of its orders. See Sapp v. Sapp, 275 So.2d 43 (Fla. 2d DCA 1973). On the other hand, proceedings to enforce dissolution judgments cannot be used to modify property rights unless the court specifically reserved jurisdiction to do so. See Bridges v. Bridges, 848 So.2d 403 (Fla. 2d DCA 2003); Agerskov v. Gabriel, 596 So.2d 1172 (Fla. 2d DCA 1992); Thruston v. Conley, 693 So.2d 1070 (Fla. 4th DCA 1997).
Here, the injunction prohibits Mr. Spencer from disposing of "all of the marital tangible personal property previously held at, and taken away from, the former marital residence." It does not differentiate between those items specifically awarded to Ms. Spencer in the final judgment and those items of tangible personal property that remained to be divided by the use of two lists. Although the trial court may have been able to enjoin Mr. Spencer's dissipation of those items specifically and identifiably awarded to Ms. Spencer, it could not alter the provisions of the final judgment as to the remaining, nominally valued, tangible personal property.
In Mason v. Mason, 371 So.2d 226 (Fla. 2d DCA 1979), this court considered the trial court's postjudgment authority regarding an almost identical provision for the distribution of personal property in a final judgment. The final judgment in Mason required the wife to make two lists of "real, personal and intangible personal property," "dividing the property in a manner which she considers to be fair and equitable," and to then permit the husband to choose one of the lists. This court concluded the trial court did not have jurisdiction to entertain the wife's postjudgment petition to partition the disputed property. We stated:
The dissolution order was self-executing, directing the parties to convey joint property under an orderly procedure. No further judicial labor was required or contemplated other than enforcement, should such become necessary.
The order of dissolution was a final judgment determining the property rights of the parties. The court was without jurisdiction to enter a later contradictory judgment directing partition.
Id. at 227 (citation omitted).
Similarly, the injunction in this case does not merely enforce the specific distributions in the final judgment or the procedure contained in the final judgment to effect the distribution of the remaining personal property. The injunction prohibits Mr. Spencer from disposing of "all of the marital tangible personal property previously held at, and taken away from, the former marital residence." Under the terms of the final judgment, at least a portion of that property would eventually become Mr. Spencer's sole property through the specified procedure. Although the legal ownership of these personal property items remains unclear given the terms of the final judgment, absent a reservation of jurisdiction, the trial court lacked the authority to enter an injunction that affected that status in a manner inconsistent *228 with the terms of the final judgment. We therefore reverse the injunction.
The problem here may be mostly procedural in that the injunction did not clearly specify that it applied only to the property the court had already specifically awarded to Ms. Spencer. It seems unfortunate that Mr. Spencer's attorney withdrew his motion to dissolve the injunction and cancelled the hearing set for July 21, 2004. Any legitimate legal problem surrounding this order and the nominally valued personal property could have been sorted out more efficiently and at less cost to the parties by the trial judge, who is far more familiar with this case and who possesses a complete record of the proceedings.
We note that Ms. Spencer is not without recourse in the dissolution proceeding. She may seek to enforce the provisions awarding her specified items of personal property. As to the remaining household goods that were to be the subject of the two lists, Ms. Spencer may seek to enforce the selection process required by the final judgment. If Mr. Spencer has dissipated assets to the extent Ms. Spencer does not receive the personal property to which she is entitled, Ms. Spencer may file a separate action for damages against him. We recognize that these may not be the most efficient or effective avenues for Ms. Spencer to pursue relief, but in the absence of a specific reservation of jurisdiction in the final judgment to address the personalty issues if the parties did not comply with the required procedure, they are the only avenues left open.
Reversed and remanded.
FULMER, J., and THREADGILL, EDWARD F., Senior Judge, Concur.