WALLACE, Judge.
■ In a postdissolution of marriage proceeding, the trial court entered an order transferring the interest of Frank Damian (the Former Husband) in the parties’ onetime marital home to Jessie Damian (the Former Wife). The Former Husband filed a motion to set aside the order on the ground that the trial court improperly modified his property rights because it lacked continuing jurisdiction to enter the order in question. The trial court denied the motion to set aside the order, and the Former Husband appeals. We reverse.
The Facts and Procedural Background
In 2000, the trial court entered a final judgment that dissolved the parties’ twenty-year marriage (the Dissolution Judgment). With respect to the disposition of the marital home, the trial court ruled as follows:
*1179 [D]ue to the diversity of valuation [of the marital home], the shortness of time between now and when the youngest of the parties’ children reachfes] the age of eighteen, and the overall best interest of the parties, [] the house should remain owned by the parties as tenants in common until such time as the youngest child reaches the age of eighteen. When the youngest child reaches eighteen then the house will be disposed of and the net proceeds, if any, will be equally divided between the parties.
Thus, under the Dissolution Judgment, the parties became tenants in common of the property, and the Former Husband retained his ownership interest in the marital home. As the primary residential parent, the Former Wife was to reside in the marital home until the youngest child of the marriage reached the age of eighteen. Then, the property was to be sold and the net sales proceeds divided equally between the parties. Although the Dissolution Judgment contained a paragraph relating to the reservation of jurisdiction, the reservation provision was expressly limited “to the executory provisions of this Final Judgment.”
After the parties’ marriage was dissolved, the Former Husband became delinquent in his obligations to the Former Wife for alimony, child support, and his share of the children’s uninsured medical expenses. In August 2004, the Former Wife filed her Motion for Contempt, to Enforce Final Judgment, and to Purchase Former Husband’s Interest in Former Marital Home (the Motion to Enforce). In the Motion to Enforce, the Former Wife requested that the trial court “determine the value of the marital home and allow the Former Wife to buy-out the Former Husband’s interest, giving her credit for support and medical insurance expenses he owes the Former Wife and for capital improvements on the home.” The Former Husband did not appear at the hearing on the Former Wife’s Motion to Enforce, and the trial court entered a Judgment Enforcing Final Judgment of Dissolution of Marriage (the Second Judgment).
In the Second Judgment, the trial court determined the value of the Former Husband’s net equity in the former marital home. The trial court then deducted from the net equity the amounts that it determined to be due the Former Wife for alimony, child support, and the Former Husband’s share of the children’s uninsured medical expenses. After making these deductions from the net equity, the trial court determined the value of the Former Husband’s interest in the marital home to be $1972.89. The trial court ordered the Former Wife to pay the Former Husband this amount in twelve monthly installments of $164.40 each. Finally, the trial court ordered that the Former Husband’s interest in the marital home would be conveyed to the Former Wife and that “[t]his Judgment may be recorded in the Official Record Books of Pinellas County, Florida[,] as a transfer of title to the property in lieu of a deed.”
In June 2005, the Former Husband filed a motion for relief from the Second Judgment. In this motion, the Former Husband asserted that he did not receive notice of the hearing that resulted in the entry of the Second Judgment. The trial court denied the motion, and the Former Husband appealed. This court affirmed the trial court’s order. See Damian v. Damian, 927 So.2d 1078 (Fla. 2d DCA 2006). However, we noted that our affir-mance was “without prejudice to the Former Husband filing a motion pursuant to Florida Rule of Civil Procedure 1.540 challenging the trial court’s continuing jurisdiction to enter” the Second Judgment. See id. at 1079.
*1180 Next, the Former Husband filed the motion for relief from the Second Judgment that resulted in the entry of the order on appeal. The trial court denied the motion, finding that it had continuing jurisdiction to enforce the Dissolution Judgment by disposing of the marital home. We disagree.
The Parties’ Arguments
The Former Husband argues that the trial court exceeded its continuing jurisdiction by modifying the distribution of property decreed in the Dissolution Judgment; therefore, the trial court’s refusal to grant him relief from the Second Judgment was in error. The Former Wife contends that the Second Judgment did not modify any property rights but only enforced the Dissolution Judgment. The Former Wife points out that the language the trial court used in the Second Judgment was that of enforcement, not modification: “The Former Wife’s motion to enforce the final judgment and to purchase the Former Husband’s interest in the former marital home is granted.” The Former Wife also asserts that the trial court’s reservation of “jurisdiction with regard to the executory provisions of this [Dissolution] Judgment” was sufficient to confer continuing jurisdiction to support the entry of the Second Judgment. Finally, the Former Wife argues that the Second Judgment resulted in a proper “set-off’ for past-due monies owed to her by the Former Husband.
Generally, the parties agree that the trial court had the “inherent jurisdiction to enforce its previously entered orders, even in the absence of an express reservation of jurisdiction in a final judgment.” Spencer v. Spencer, 898 So.2d 225, 227 (Fla. 2d DCA 2005). However, the Former Husband argues that the Dissolution Judgment did not include a specific reservation that would have enabled the trial court to modify the parties’ property rights. See id. (requiring the trial court to specifically reserve jurisdiction to modify property rights); Solmo v. Friedman, 909 So.2d 560, 565 (Fla. 4th DCA 2005) (stating that a reservation of jurisdiction in the final judgment of dissolution of marriage for the purpose of enforcing its provisions and for “entering such further orders as this Court may deem just and proper” was insufficient to give the trial court jurisdiction to modify property rights that it had previously adjudicated in the final judgment).
Discussion
We agree with the Former Husband that this court’s decisions in Bridges v. Bridges, 848 So.2d 403 (Fla. 2d DCA 2003), and Harman v. Harman, 523 So.2d 187 (Fla. 2d DCA 1988), are controlling here. In Bridges, the wife moved to enforce a final judgment of dissolution of marriage. The trial court awarded the wife “money damages in lieu of personal property she had received in the dissolution judgment.” 848 So.2d at 404. The husband appealed the trial court’s order. Id. This court concluded that a general reservation of jurisdiction for enforcement contained in the final judgment “did not empower the court to, in essence, change the wife’s award of tangible personal property into an award of money damages.” Id. Accordingly, we reversed the trial court’s order. Id.
Likewise, in Harman, when the wife moved to have the husband cited for contempt to enforce her alimony award, the trial court ordered “the husband to convey his interest in the former marital home to the wife.” 523 So.2d at 188. In a separate order, the trial court also reduced the amount of the monthly permanent alimony payment that the husband was required to make to the wife. Id. On appeal, this court held that the trial court had erred “in awarding the husband’s interest in the former marital home to the wife” because it lacked continuing jurisdiction to modify *1181 the parties’ property rights. Id. For this reason, we reversed the order awarding the husband’s interest in the former marital home to the wife. Id. In addition, we reversed the order reducing the husband’s alimony obligation and remanded for a new trial on that issue. Id. at 188-89.
The facts in this case are similar to the facts in Harman. Granted, the modification of property rights here took the form of a forced sale rather than a gratuitous conveyance. Nevertheless, the Second Judgment modified the parties’ property rights under the Dissolution Judgment, which provided for the home to be owned by the parties as tenants in common and to be “disposed of’ when the youngest child reached age eighteen, when the proceeds were to be divided equally. The trial court’s reservation of jurisdiction over “the executory provisions” of the Dissolution Judgment was not a specific reservation sufficient to give it continuing jurisdiction to modify the property rights that had already been adjudicated. Although the parties might have agreed to allow one of them to purchase the other’s interest in the home, the trial court had jurisdiction only to enforce the provision that the parties dispose of the home and split the proceeds. The trial court did not have continuing jurisdiction to require what was — in effect — a forced sale of the Former Husband’s interest in the property to the Former Wife.
We reject the Former Wife’s characterization of the facts in this case as similar to those in Hoskin v. Hoskin, 349 So.2d 755, 757-58 (Fla. 3d DCA 1977). In Hoskin, the Third District affirmed a trial court order that required the parties to find a real estate broker and to cooperate concerning the sale of the marital home. But unlike the Second Judgment under review here, the trial court’s order in Hoskin did not convey any interest in the litigants’ home. Rather, the order in Hoskin merely enforced the final judgment of dissolution of marriage that required the litigants to sell the marital home at issue in that case and to divide the proceeds equally. Id. at 756.
The Former Wife also suggests that Demorizi v. Demorizi, 851 So.2d 243 (Fla. 3d DCA 2003), is applicable to the facts of this case. Once again, we disagree. In De-morizi, the trial court had not previously adjudicated the ownership of the. tax deposit that was at issue in that case. The Third District held that equitable considerations required the trial court to allocate the tax deposit between the parties in a postdissolution proceeding brought by the wife. Id. at 245-46. Here, the parties’ rights in the former marital home were expressly determined in the dissolution judgment. Thus those rights could not be modified in the absence of a specific reservation of jurisdiction.
Because we conclude that the trial court exceeded its jurisdiction in entering the Second Judgment, we need not address the Former Wife’s argument that the deduction of the amounts owed to her by the Former Husband from the value of his interest in the former marital home was appropriate as a “set-off.”
Conclusion
Before closing, we add that we do not question the trial court’s jurisdiction to enforce the support provisions of the Dissolution Judgment or to enforce the distribution of property that it had previously made. Indeed, in her motion for contempt, the Former Wife also asked the trial court to “hold the Former Husband in contempt, order him to pay the amounts owed plus interest, [and] sanction him” for his failure to make the support payments due her. The Former Wife requested this relief separately from her request to purchase the Former Husband’s interest in *1182 the marital home and her accompanying request to charge the past-due support payments against what she would owe the Former Husband for his net equity in the home.
Nevertheless, the trial court exceeded its continuing jurisdiction by modifying the distribution of property that it had made in the Dissolution Judgment. For this reason, we reverse the trial court’s order denying the Former Husband’s motion for relief from the Second Judgment. Furthermore, we remand this case to the trial court with directions to enter an order granting the Former Husband’s motion and vacating the Second Judgment. On remand, the trial court may conduct such further proceedings consistent with this opinion as may be appropriate.
Reversed and remanded with directions.
WHATLEY and SALCINES, JJ., Concur.