961 So.2d 1102 (2007)
Alicia VEGA, Petitioner,
v.
Tracy Lynette SWAIT, Respondent.
No. 4D07-932.
District Court of Appeal of Florida, Fourth District.
August 1, 2007.
Charles A. Morehead, III, of Moody Jones Montefusco Ingino & Morehead, P.A., Plantation, for petitioner.
*1103 Anthony J. Alfero, Fort Lauderdale, for respondent Tracy Swait.
FARMER, J.
The current wife of a former husband seeks certiorari review of an order denying her motion for a protective order. His former wife brought a contempt proceeding against him for failure to pay alimony. She sought privacy protection from discovery of her personal finances. We grant the petition, quash the decision, and require protection against the discovery of her finances.
Tracy and John Swait concluded a marital settlement agreement in their dissolution of marriage action. After final judgment Tracy filed two motions for contempt against John for failure to pay alimony. Alicia Vega is John's current wife. Vega was summoned to give evidence at a deposition. She appeared and furnished requested documents. She submitted herself to testimony. Tracy asked about her personal finances. She answered questions about financial transactions with John, but she objected to and refused to answer questions about her personal finances unrelated to any financial dealings with John.[1] She sought a protective order from further such inquiry by Tracy. The motion was denied.
Certiorari is appropriate for pretrial review of orders concerning discovery only when the order departs from the essential requirements of law and leaves the complaining party with no adequate remedy by appeal. See Martin-Johnson Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987) ("A nonfinal order for which no appeal is provided . . . is reviewable by certiorari . . . where order departs from essential requirements of law and thus causes material injury to petitioner throughout remainder of proceedings below, effectively leaving no adequate remedy on appeal."); Bared & Co. Inc. v. McGuire, 670 So.2d 153, 156 (Fla. 4th DCA 1996) (indispensable ingredients to common-law certiorari sought to review pretrial orders of trial courts include irreparable injury to petitioner that cannot be corrected on final appeal caused by departure from essential requirements of law); see also Woodward v. Berkery, 714 So.2d 1027, 1035 (Fla. 4th DCA 1998) (holding that for purposes of determining whether party would be irreparably harmed by discovery order such that order is reviewable by common law certiorari, discovery of financial worth information that is not material to any issue reasonably likely to be contested and that has been sought primarily to embarrass and bring undue pressure on litigant would be incurable by any possible action court could take on final appeal). We conclude that the present order meets these requirements.
We have previously said:
Unless there is some showing on the part of the wife that the husband terminated or reduced his employment in order to keep from paying alimony and that he was relying upon his present wife for his living expenses in completion of the scheme, we can see no possibility of relevance concerning the present spouse's income.
Schneider v. Schneider, 348 So.2d 612, 612 (Fla. 4th DCA 1977); see also Hayden v. *1104 Hayden, 662 So.2d 713, 716 (Fla. 4th DCA 1995) (if wife shows that husband terminated or reduced employment to keep from paying alimony and was relying on present wife for living expenses, or that husband transferred significant assets to present wife and thus cannot satisfy his support obligations, present wife's finances are relevant to question of former husband's ability to pay alimony).
To make Vega's finances discoverable, Tracy was required to show that John ended or reduced employment to evade paying alimony and that he was relying upon Vega for his living expenses. As we stated in Hayden:
[I]f there is a showing that the husband has transferred significant assets to the wife's name, and as a result has no assets of his own with which to satisfy his support obligations, then the present wife's finances are relevant to the question of the ability of the husband to pay alimony and child support to the former spouse.
662 So.2d. at 716. In this case, Tracy failed to show that John transferred assets to Vega in order to avoid his alimony obligation. While she did present evidence suggesting that John was relying on Vega for some of his living expenses, Tracy never attempted to show that John reduced employment to evade alimony. Tracy argues merely that he continues to operate the family business but it no longer generates income to him. Without some showing of reduced employment simply to evade his duty to pay alimony, the trial court was required to grant protection from this discovery.
Certiorari granted, order quashed.
STONE and MAY, JJ., concur.
NOTES
[1] See Art. I, § 23, Fla. Const. ("Every natural person has the right to be let alone and free from governmental intrusion into the person's private life except as otherwise provided herein."); see also Winfield v. Division of Pari-Mutuel Wagering, 477 So.2d 544 (Fla.1985) (recognizing individual's legitimate expectation of privacy in private bank accounts and financial records); Borck v. Borck, 906 So.2d 1209 (Fla. 4th DCA 2005) (protecting financial information of persons without relevant, compelling reason to require disclosure).