KHOUZAM, Judge.
Ronald Lawrence George, the former husband, timely appeals two final orders attempting to modify an award of money from his Chrysler pension to Heidi Lynn George, the former wife. Because the trial court did not have jurisdiction to modify the final judgment, we are compelled to reverse.
*973 In the final judgment of dissolution of marriage, the marital portion (67.59%) of the former husband’s Chrysler pension was equally distributed between the parties. Although the court was aware that when the former husband retired into the social security system there would be a decrease in the Chrysler pension benefit, the court did not reserve jurisdiction to modify the percentage shares of the Chrysler pension benefit as part of the equitable distribution scheme. Accordingly, the former wife was awarded 33.795% of the Chrysler pension and the former husband was awarded 66.205% (his marital share, 33.795%, plus his nonmarital share, 32.41%). The court ordered the former husband’s counsel to submit a Qualified Domestic Relations Order (“QDRO”) dividing the pension benefit by these percentages and reserved jurisdiction for enforcement.
After the former husband retired into the social security system, the former wife’s monthly benefit was reduced. She received $445.10 less each month, and the former husband correspondingly received his percentage share of the Chrysler pension as well as his full social security payment. The former wife filed a motion to clarify judgment/modify QDRO, which the court granted. The court explained that the former husband had started receiving social security payments and that his Chrysler pension had accordingly been reduced. This resulted in the ratio in the judgment being applied to the Chrysler pension only and the entire social security payment going to the former husband. The judge explained that it was his intention not to have the former wife’s income be reduced. He stated:
Such a windfall to the former husband and deficit to the former wife was not ordered in the judgment. Rather, the judgment ordered that the ratio of the former husband’s total pension benefit, whether paid from Chrysler before he retired or from Chrysler and social security after he retired, would be the same, that is, 33.795% to the former wife and 66.205% to the former husband. As stated in the judgment: “... the husband’s retirement in the social security system will not increase his income.” Likewise, it will not reduce the former wife’s income.
The judge concluded that he could properly enforce the judgment as opposed to modifying it, stating, “I think the final judgment cannot be read.any other way than to say she is entitled to 33.795 percent of the pension.” The second amended QDRO was entered in accordance with the court’s ruling. The former husband appealed both the order granting the motion to clarify and the second amended QDRO, arguing that the trial court was without jurisdiction to modify the percentage shares.
Though we recognize that the trial court’s ruling was equitable, we are compelled to reverse. “[A] court has no jurisdiction to modify property rights after those rights have been adjudicated in a final judgment of dissolution.” Bridges v. Bridges, 848 So.2d 403, 404 (Fla. 2d DCA 2003); see also Blaine v. Blaine, 872 So.2d 383, 384 (Fla. 4th DCA 2004) (holding that a QDRO must conform to the dictates of the final judgment). A general reservation of jurisdiction in a dissolution order is typically insufficient to preserve a court’s jurisdiction to subsequently alter property rights. See Mason v. Mason, 371 So.2d 226, 227 (Fla. 2d DCA 1979). And “[a] trial court may not, in the guise of an enforcement proceeding, readdress the distribution of property when the property has been previously distributed.” Janovic v. Janovic, 814 So.2d 1096, 1100-01 (Fla. 1st DCA 2002).
Here, the trial court fashioned an equitable remedy but, unfortunately, did not *974 have jurisdiction to do so. The final judgment distributed the former husband’s Chrysler pension benefit between the parties — not his social security benefit. Though the court noted in the final judgment that the Chrysler pension benefit would change with social security, regrettably the judgment did not have a provision indicating that the distribution would be any different. Indeed, there is no indication in the final judgment that the former wife would receive an increased percentage share of the Chrysler pension in the event her monthly pension benefit was reduced when the former husband entered into the social 'security system. Because the trial court did not have jurisdiction to readdress the distribution of the Chrysler pension, we must reverse.
Reversed.
CASANUEVA and DAVIS, JJ., Concur.