DAVIS, Chief Judge,
Specially concurring.
I fully concur with the result reached by the majority in this case. However, I write to express my disagreement with some of the observations made regarding the interaction between chapter 717 and section 43.19.
I agree with the majority that on the circumstances presented in this case, the trial court did not have the authority to order the CFO to return the funds to the clerk of the circuit court and that the trial court was correct to allow the CFO to intervene in this action. And I agree with the majority’s observation that once the trial court has determined the claimant’s entitlement to the funds, “chapter 717 is ‘supplemental’ to section 43.19 in the sense that it provides an adequate mechanism for a person who receives an order in a section 43.19 proceeding to submit a claim and receive a warrant from the CFO.”
However, the majority suggests that if the CFO fails to comply with the trial court’s order, the claimant’s remedy is to address the issue in an administrative proceeding or by separate lawsuit. I disagree with this premise.
Section 43.19(3) clearly contemplates the trial court ordering the payment:
Any person, firm or corporation entitled to any of the money may obtain an order directing the payment of the money to the claimant ... and the money deposited shall constitute and be a permanent *1261 appropriation for payments by the Chief Financial Officer of the state in obedience of such orders.
(Emphasis added.) According to this language the payment is in response to the trial court’s order, and I do not agree that the enforcement of that order is to be handled by an administrative proceeding or that a claimant needs to file a separate lawsuit to enforce a prior court’s order. Unlike the funds at issue in National Equity Recovery Services, 127 So.3d 1291, the funds at issue here were not surplus funds from a mortgage foreclosure and are not deposited with the CFO “pursuant to chapter 717.” See § 45.032(4). Chapter 717 does provide for administrative review of decisions of the CFO in administering funds received pursuant to that chapter, and chapter 45 does specify that surplus funds from a mortgage foreclosure are paid pursuant to those provisions. However, the legislature chose not to include this proviso in chapter 43, stating instead that the provisions of chapter 717 shall “supplement” chapter 43. Because section 43.19 specifies that the CFO is to pay in “obedience” to the trial court’s order, it remains within the trial court’s purview to review the CFO’s denial of payment pursuant to the court’s order and to determine interaction of the provisions of these two chapters if that is the basis of the denial of payment. See Spencer v. Spencer, 898 So.2d 225, 227 (Fla. 2d DCA 2005) (“We recognize that a court always has the inherent jurisdiction to enforce its previously entered orders, even in the absence of an express reservation of jurisdiction in a final judgment.”). Although I disagree with the majority to this extent, this is not necessary to our holding in this case. Accordingly, I concur with the result reached by the majority.